# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A.,<br>KONINKLIJKE KPN N.V.,<br>and ORANGE S.A,<br><br>     Plaintiffs,<br><br>  v.<br><br>HTC CORPORATION<br>and HTC AMERICA INC.,<br><br>     Defendants. | C.A. No. 17-cv-83-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

## <u>PLAINTIFFS' OPPOSITION TO HTC'S MOTION TO STAY</u>

Dated: September 6, 2017

Lexie G. White (admitted *pro hac vice*)
Jeffrey S. David (admitted *pro hac vice*)
SUSMAN GODFREY,  L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

INTRODUCTION & SUMMARY OF THE ARGUMENT ..............................................................1

NATURE AND STAGE OF THE PROCEEDINGS & STATEMENT OF FACTS .....................2

ARGUMENT ..........................................................................................................................2

    A.    HTC's Filing of Its Motion to Transfer Does Not Automatically Entitle It to a Stay. ............................................................................................................2

    B.    HTC's Filing of Its Motion to Dismiss Does Not Automatically Entitle It to a Stay. ............................................................................................................6

    C.    The Relevant Factors Do Not Weigh in Favor of Staying This Case— and HTC Has Not Come Close to Making Out the Required "Clear Case of Hardship." ....................................................................................................8

        1.    Staying This Action Will Not Promote Judicial Economy Because, Even if HTC's Underlying Motion Is Granted in Full, No Claims Will Change. ...................................................................9

        2.    Staying Plaintiffs' Case Against HTC Would Prejudice Plaintiffs and Give HTC the Tactical Advantage Its Own Argument Show It Is Trying to Obtain. .....................................11

        3.    HTC Cannot Identify Any Hardship or Prejudice It Would Suffer if the Case Was Not Stayed—Much Less Show the Required "Clear Case of Hardship." .........................................13

CONCLUSION .....................................................................................................................14

# TABLE OF AUTHORITIES

## <u>CASES</u>

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
    C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) .................................. 12

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
    C.A. No. 05-590 GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006)................................ 9

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
    C.A. No. 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016)...................... 1, 13

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
    C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)............................ 12

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) ..................................................................................... 7, 8

*In re Fusion-IO, Inc.*,
    489 F. App'x 465 (Fed. Cir. 2012) .................................................................................. 5

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
    C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015).............. 9, 10, 12

*Levey v.Brownstone Inv. Grp., LLC*,
    590 F. App'x 132 (3d Cir. 2014) .............................................................................. 6, 13

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) .................................................................................... 6

*McCourt v. USA Auto Mall, Inc.*,
    C.A. No. 12-857-LPS, 2013 WL 1316007 (D. Del. Mar. 29, 2013) ................................. 9

*McDonnell Douglas Corp. v. Polin*,
    429 F.2d 30 (3d Cir. 1970)................................................................................... 2, 3, 4

*MoneyCat Ltd v. PayPal Inc.*,
    C.A. No. 1:13-1358, 2014 WL 2042699 (D. Del. May 15, 2014)..................................... 5

*NuVasive, Inc. v. Neurovision Med. Prod., Inc.*,
    C.A. No. 15-286-LPS-CJB, 2015 WL 3918866 (D. Del. June 23, 2015) ........... 1, 5, 6, 10

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
    C.A. No. 14-1375-LPS-CJB, 2015 WL 4610356 (D. Del. Aug. 3, 2015)...................... 5, 9

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
    C.A. No. 07-633-JJF-LPS, 2008 WL 496446 (D. Del. Feb. 11, 2008) ...................... 10, 13

*Pragmatus AV, LLC v. Yahoo! Inc.*,
　　C.A. No. 11-902-LPS-CJB, 2013 WL 2372206 (D. Del. 2013)....................................3, 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
　　C.A. No. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009).....................passim

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
　　C.A. No. 15-691-LPS-CJB, 2015 WL 7824098 (D. Del. Dec. 3, 2015) .........................13

## **INTRODUCTION & SUMMARY OF THE ARGUMENT**

Plaintiffs 3G Licensing, S.A., Koninklijke KPN N.V., and Orange S.A file this opposition to the motion to stay (D.I. 37) filed by HTC Corp. and HTC America ("HTC").

Like Kyocera's motion before it, HTC's stay motion ignores that Chief Judge Stark specifically has directed that, in the main, cases before him will *not* be stayed pending the resolution of even early-filed motions to transfer and/or to dismiss. *NuVasive, Inc. v. Neurovision Med. Prod., Inc.*, C.A. No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015) (Burke, J.). HTC also ignores that this Court already has held that the "prejudice" HTC claims it will endure absent a stay—the need to comply with initial disclosure deadlines and early discovery—does not amount to the kind of "undue harm" needed to justify a stay. *E.g.*, *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016) (Burke, J.). Moreover, even if it were, because HTC has not challenged the sufficiency of Plaintiffs' pleadings, the simple fact is that HTC's underlying motion will not simplify this matter in any respect even if granted *in full*. All that would change is the venue in which the same claims are pursued. As such, staying this case would disrupt the coordinated schedule this Court has set in *this* and the other *nine related actions* for no reason other than to shorten *Plaintiffs'* discovery period and give HTC a tactical advantage.

In fact, the weakness of HTC's position is most clearly demonstrated by its strained argument that this Court has no say in the matter—that HTC's simple act of filing its motion robs this Court of its discretion and *requires* it to stay the case. No such requirement exists. Thus, because the circumstances of this case clearly show a stay is not warranted, Plaintiffs respectfully request the Court deny the motion.

## NATURE AND STAGE OF THE PROCEEDINGS & STATEMENT OF FACTS

KPN filed its initial patent infringement complaint against HTC on January 30, 2017. D.I. 1. The same day, KPN filed ten other related actions—all of which assert infringement of at least United States Patent No. 6,212,662 ("the '662 patent"). All 11 of these related actions have been assigned to Chief Judge Stark, who referred all matters related to scheduling and all motions to dismiss, stay, or transfer to this Court. To date, across the 11 related actions, only HTC and the two Kyocera defendants have moved to dismiss the allegations against them.

On August 14, 2017, this Court held a Scheduling Conference. At that conference, Plaintiffs informed the Court that, *at Defendants' request*, they already had complied with their initial disclosure obligations—identifying each Defendants' accused products and producing to each Defendant (including HTC) the documents required by Paragraph 7(a) of the Court's Scheduling Order.[1] *See* D.I. 25-2 at 2; D.I. 26. Plaintiffs also since have served initial interrogatories and requests for production. D.I. 32.

## ARGUMENT

HTC's argument can be broken into two parts: *First*, HTC argues that this Court has no choice but to grant a stay simply because HTC moved to transfer and/or dismiss this action. *Second*, effectively conceding no such categorical rule applies, HTC then attempts to prove a stay is warranted under the multi-factor standard that this Court has recognized actually guides its discretion in deciding whether or not to grant a stay. None of its arguments have merit.

**A.     HTC's Filing of Its Motion to Transfer Does Not Automatically Entitle It to a Stay.**

HTC first argues that its decision to file a motion to transfer automatically entitles it to a stay—contending that *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970) (per

---

[1] HTC's representation to the Court that "no documents have been produced" in this case, D.I. 38 ("Br.") at 2, thus is incorrect.

curiam), and *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2013 WL 2372206 (D. Del. 2013), "demonstrate[] that a stay in these circumstances is *not* a discretionary issue, *even if staying the case for a decision slows down the ultimate resolution of the litigation*." Br. at 2-4 (emphasis added). HTC is wrong—a fact demonstrated not just by Chief Judge Stark's specific directive to the contrary, but the very cases HTC cites.

First, in *Pragmatus*, this Court *refused to stay discovery* pending its resolution of the defendant's motion to transfer—a reality that flies in the face of HTC's argument that its motion "requires" the Court to grant it such relief. *Pragmatus*, 2013 WL 2372206, at *5 (exercising discretion to deny the "Defendant's Motion to Stay Proceedings Pending Resolution of Yahoo! Inc.'s Motions to Transfer and Enjoin" after considering applicable stay factors). And this denial is all the more relevant here because, in denying the stay request in that case, this Court not only considered *Polin*, but held that it did not set down the categorical rule HTC claims: one that strips district courts of their inherent power to manage their own dockets by determining, in their discretion, whether "principles of judicial efficiency and comity required that the [transfer] motion be decided" before discovery can move forward. *Id.* at 5 n.4.

Second, *Polin* itself does not support HTC's argument. There, the Third Circuit was faced with circumstances radically different from those at issue here: a district court that *refused even to consider the defendant's transfer motion* and further had held that it would not do so until "all matters of discovery" were completed. 429 F.2d at 30 (noting defendant's request that the court compel "The Honorable A. Leon Higginbotham, Jr.," to "rule finally upon the motion for transfer"). The Third Circuit rejected that approach—explaining "it is not proper to postpone consideration of the application for transfer under § 1404(a) *until discovery on the merits is completed*" and that the district court's decision to do so was not an exercise of "wise

*discretion*." *Id.* (emphasis added). Thus, given the unique circumstances before it (a court refusing even to consider the motion until after discovery had closed and it had made "preliminary rulings on questions of law") and highlighting the case-specific nature of the relief it was ordering, the Third Circuit refused to "issu[e] a formal writ of mandamus" and instead instructed the district court that "the motion to transfer under § 1404(a) should be considered and decided …, and then only if the court should deny the motion to transfer should discovery be permitted to go forward." *Id.* (same) (finding writ unnecessary because "we expect Judge Higginbotham, the nominal respondent, … to carry out the views expressed in this opinion").

And here, of course, this Court has never once stated that it intends to reserve ruling on HTC's motion to transfer until the completion of discovery. To the contrary, HTC itself highlights that this Court already has held a hearing on its motion—demonstrating that, unlike the district court in *Polin*, it does not intend to "postpone" its consideration "of the transfer issue until a later stage of the case" and thus does not run afoul of the limited rule *Polin* espouses: that, absent considerations not present in *Polin*, it is not an exercise of "wise discretion" to "postpone" consideration of a transfer motion "until discovery on the merits is completed." *Id.*(emphasis added). As such, *Polin* not only does not deprive this Court of its discretion, but has limited relevance to the Court's exercise of that discretion in the circumstances at issue here.

Moreover, further demonstrating the incorrectness of the extreme position HTC now takes is the fact that it is directly at odds with Chief Judge Stark's own procedures (which HTC ignores). As this Court has explained in the course of denying motions to stay:

> "[T]he Court is also impacted by Chief Judge Stark's recently issued 'Revised Procedures for Managing Patent Cases. *See* Honorable Leonard P. Stark, Revised Procedures for Managing Patent Cases (June 18, 2014), *available at* http://www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark (follow 'New Patent Procedures' tab; then download 'Patent Procedures' document). In that document, Chief Judge Stark notes that

> '[g]enerally, we will not defer the [Case Management Conference] and scheduling process due to the pendency of' a motion to dismiss, transfer or stay. *Id*. at 6. **The Court reads this procedure as expressing the District Court's preference that, in the main, cases filed by a plaintiff should move forward—even in the face of early-filed motions that have yet to be fully resolved**.

*NuVasive*, 2015 WL 3918866, at *2 (emphasis added) (denying motion to stay).

Indeed, HTC's position is at odds with the many examples of courts exercising their discretion *to deny* requests to stay a case pending the resolution of a motion to transfer—clearly rejecting the assertion that, without more, the filing of such a motion categorically entitled the moving party to a stay and concluding that other factors relevant to the controlling multi-factor analysis demonstrated that "wise discretion" required the case to move forward.[2] *E.g.*, *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, C.A. No. 14-1375-LPS-CJB, 2015 WL 4610356, at *1 (D. Del. Aug. 3, 2015) (Burke, J.) (denying request to stay proceedings pending resolution of motion to dismiss and/or transfer because "resolving the motion to stay in this way will permit the three related cases to proceed on the same schedule until, at a minimum, the venue issue is addressed" and "there is some efficiency-related benefit (at least for now) to having all three cases move forward on the same path"); *Pragmatus*, 2013 WL 2372206, at *5 (denying stay). HTC's argument would render every one of these cases wrongly decided.

In sum, there is no categorical rule entitling HTC to a stay simply because it filed a motion for transfer. And the fact that HTC even would take that position demonstrates that it understands that, under the controlling multi-factor test, a stay is not appropriate here.

---

[2] The two remaining cases HTC cites are even less supportive of its position. *In re Fusion-IO, Inc.*, the Federal Circuit held only that it expected the district court to rule on the pending motions to transfer and stay "before proceeding to *any motion on the merits* of the action." 489 F. App'x 465, 466 (Fed. Cir. 2012) (emphasis added) (denying petition for writ of mandamus). Here, Plaintiffs have not filed a motion on the merits—much less asked the Court to rule on it first. Moreover, *MoneyCat Ltd v. PayPal Inc.* did not even involve a stay request. C.A. No. 13-1358, 2014 WL 2042699, at *1 (D. Del. May 15, 2014).

**B.     HTC's Filing of Its Motion to Dismiss Does Not Automatically Entitle It to a Stay.**

HTC next argues that its decision to file a motion to dismiss also automatically entitles it to a stay—another position directly at odds with Chief Judge Stark's directive that, "in the main, cases filed by a plaintiff should move forward" even in the face of an early-filed motion to dismiss. *NuVasive*, 2015 WL 3918866, at *2 (relying on Chief Judge Stark's preference as weighing against stay request). None of the cases HTC cites compel a different result.

In *Levey v. Brownstone Inv. Grp., LLC*, for example, the Third Circuit actually reiterated the settled understanding that the district court has *discretion* to determine whether or not to stay discovery during the pendency of a motion to dismiss. 590 F. App'x 132, 137 (3d Cir. 2014) (unpublished non-precedential decision).[3] Thus, in that case, the Third Circuit held only that the district court had not abused that discretion by denying the plaintiff's request for discovery because the complaint at issue failed even to "raise[] a reasonable expectation that discovery w[ould] reveal evidence of illegal [conduct]." *Id.* (citation omitted) (explaining that, "[g]iven what little the complaint tells us, there is nothing reasonable about Levey's expectation that taking discovery would reveal any infringement").

*Mann v. Brenner* is no different. There, too, after explaining only that, "[i]n certain circumstances it *may* be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile," the Third Circuit held only that the district court had not abused *its discretion* in denying discovery in that case because "none of Mann's claims entitle him to relief." 375 F. App'x 232, 239 (3d Cir. 2010) (unpublished non-

---

[3] In addition to the fact that unpublished opinions are not binding precedent in the Third Circuit, 3d Cir. I.O.P. 5.7, KPN notes that the *Levey* court also stated that its decision "does not constitute binding precedent." 590 F. App'x at 133 n.*.

precedential decision) (emphasis added). In other words, again, the Third Circuit based its decision on the fact that discovery would have been futile. *Id.*

Here, of course, this concern is not even implicated. HTC has not even moved to dismiss Plaintiffs' complaint for failure to state a claim. *See generally* D.I. 22. Rather, HTC argues that the case should move forward *in another venue*, *id.* at 10—a direct admission that its motion is not dispositive and thus, unlike in *Levey* or *Mann* discovery would not be futile.

And on that issue, Plaintiffs note that HTC self-servingly argues (*see* Br. at 5 § III.C.) that discovery nevertheless "may" somehow be futile because, *according to HTC*, Plaintiffs have admitted venue is improper and/or because there is a possibility that, if a defendant is dismissed, claims might never be re-filed against it. The argument is frivolous. Plaintiffs have never admitted venue is improper here. And even were the Court to find venue to be lacking and grant HTC the full relief it seeks (transfer of the entire case to the Western District of Washington), the discovery Plaintiffs seek would not be any less relevant.

The same is true if HTC's motion is granted in part and less than all HTC defendants are dismissed from this action (as Plaintiffs have requested in the alternative to the Court denying HTC's motion outright). In that case, while Plaintiffs would not reassert their claims against the dismissed HTC defendant so long as their claims against the other HTC defendant remained, the accused products would not change in any way. As such, HTC has no basis for its claim that there is "a substantial likelihood" that the product manuals and other technical and financial information it currently must produce by October 6, 2017, would somehow become "unnecessary." In short, regardless of where or in what form this case proceeds (which it will), the disclosure materials and other discovery at issue will remain decidedly relevant.

Finally, HTC's reliance on *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278 (D. Del. 1979), is even less persuasive. There, the court not only reiterated its discretion to grant or deny discovery, but went on to *deny* the "defendant's motion to stay further discovery" pending the resolution of its motion to dismiss because it concluded that such discovery would not be futile to the underlying merits of the case—the exact situation here. *Id.* at 283.

For the reasons explained, HTC's filing of its motion to dismiss—which does not even contest that Plaintiffs have pleaded legally cognizable claims against each HTC Defendant and argues only that those claims should be heard in a different district—does not entitle it to a stay.

**C.  The Relevant Factors Do Not Weigh in Favor of Staying This Case—and HTC Has Not Come Close to Making Out the Required "Clear Case of Hardship."**

Having dispensed with HTC's categorical arguments, Plaintiffs turn to the test that actually guides this Court's discretion "[i]n determining whether to grant a motion to stay": "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy." *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, C.A. No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (Stark, J.).

Further, if (like here) "there is even a fair possibility that the stay for which he prays will work damage to someone else," "the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id.* (citation omitted). HTC's argument—which, among other shortcomings, admits that granting its request would disrupt the coordination of the 10 related actions—does not come close to justifying the *indefinite* stay it requests.

1.   **Staying This Action Will Not Promote Judicial Economy Because, Even if HTC's Underlying Motion Is Granted in Full, No Claims Will Change.**

HTC's argument regarding the fourth *St. Clair* factor[4]—"whether a stay will simplify issues and promote judicial economy" (a factor which includes considering the status of the litigation)—is wrong for several reasons.

First, in addressing this factor, HTC ignores that this is not a solitary, stand-alone case; it is one of *10* coordinated related actions pending before this Court. June 1, 2017 Oral Order (identifying actions). As such, staying this action will not simplify issues or promote judicial economy—the core concern underlying this factor. *McCourt v. USA Auto Mall, Inc.*, C.A. No. 12-857-LPS, 2013 WL 1316007, at *2 (D. Del. Mar. 29, 2013) (Stark, J.) (explaining stay power stems from court's "inherent power *to conserve judicial resources* by controlling its own docket" (emphasis added) (citation omitted)); *accord Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1-2 (D. Del. Apr. 9, 2015) (Burke, J.).

To the contrary, it only will complicate and "disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court"—a reality that, without more, weighs heavily (if not dispositively) against HTC's request. *St. Clair*, 2009 WL 192457, at *2 (denying motion to stay one of four related actions because it would disrupt coordination of the cases); *Papst*, 2015 WL 4610356, at *1 (denying request to stay pending resolution of motion to dismiss and/or transfer because "resolving the motion to stay in this way will permit the three related cases to proceed on the same schedule until, at a minimum, the venue issue is addressed" and "there is some efficiency-related benefit (at least for now) to having all three cases move forward on the same path").

---

[4] For the Court's convenience, KPN addresses the stay factors in the same order as HTC.

Second, not only would a stay disrupt "the effective administration of this case *and its related counterparts*," but it would not confer an "efficiency-related benefit" even in this isolated case. *St. Clair*, 2009 WL 192457, at *2 (emphasis added) ("The decision to stay a proceeding lies within the discretion of the Court."). Unlike in *Abbott* or *Kaavo* (the two cases on which HTC relies), even if this Court grants HTC's underlying motion to dismiss and/or transfer *in full*, all of Plaintiffs' claims simply will move forward in a different venue. *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590 GMS, 2006 WL 2375035, at *6 (D. Del. Aug. 16, 2006) (resolving factor in favor of granting stay because, "if the PTO determines that some or all of the claims [] of the four patents undergoing reexamination are invalid, then many of the issues in the litigation will become moot"); *Kaavo*, 2015 WL 1737476, at *2-3 (finding factor weighed only slightly in favor of stay despite fact that, if the underlying Rule 12(c) motion were granted, "the cases would all then end soon after"—explaining a court must consider "*all* of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of" and "not just the potential outcome most favorable to the party seeking the stay").

This case thus is far more akin to *Power Integrations, Inc. v. BCD Semiconductor Corp.*, in which Chief Judge Stark held that, because "[a]ny efforts, including discovery, to be expended in this District during the pendency of the motion to dismiss will, if this case is dismissed, be useful" in a separate action, "[t]he Court will not stay proceedings pending resolution of the motion." C.A. No. 07-633-JJF-LPS, 2008 WL 496446, at *1 (D. Del. Feb. 11, 2008).

Finally, given all of the above, the mere fact that this case is in its early stages is not enough to turn this factor in HTC's favor—a reality demonstrated just by Chief Judge Stark's stated preference that cases generally will not be stayed even in the face of "*early-filed*" motions to transfer or dismiss. *NuVasive*, 2015 WL 3918866, at *2 (emphasis added) (finding Court's

preference that, in the main, cases move forward "even in the face of early-filed motions" to dismiss or transfer weighed against the defendant's stay request).

In sum, because whatever the outcome of HTC's underlying motion, there is *no* potential for the simplification of issues for trial, HTC's motion should be denied.

### 2. Staying Plaintiffs' Case Against HTC Would Prejudice Plaintiffs and Give HTC the Tactical Advantage Its Own Argument Show It Is Trying to Obtain.

The third *St. Clair* factor—"the injury a stay would inflict" upon Plaintiffs—also weighs heavily against HTC's request.

First, even HTC recognizes the tremendous disruption a stay would have on this case, including on Plaintiffs' ability to conduct necessary discovery. Nevertheless, despite arguing only a few weeks ago that this case warranted a *34-month trial track* given the "substantial amount of discovery," including "international discovery," that needed to take place and the "many complications in this case that make this case more complicated than the average patent case," August 14, 2017 Hearing, Ex. 1 at 33:16-35:5, HTC now glibly claims that even if the case is stayed until June 2018, the parties will "hav[e] ample time to complete discovery under the Court's deadlines" and catch-up on all of the remaining disclosures, etc., before the November 2, 2018 close of discovery. There is a reason for HTC's sudden flip-flop. HTC knows that a stay only would limit *Plaintiffs'* ability to conduct discovery. HTC on the other hand would be able to participate in and benefit from the common discovery the remaining defendants would be conducting in the meantime.

As such, HTC's requested stay is plainly calculated not only to prejudice Plaintiffs, but to give HTC a tactical advantage in this case. Without more, this is reason enough to deny the motion. *St. Clair*, 2009 WL 192457, at *2 (noting prejudice party would suffer if one of several related actions were stayed, including as a result of "disrupt[ion to] the coordinated discovery

planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court.")  Nevertheless, even more prejudice to Plaintiffs exists.

As Chief Judge Stark held in *St. Clair*, the fact that Plaintiffs are not seeking an injunction does not negate the possibility that they will be prejudiced by a stay. To the contrary, "[w]ith the passage of time," Plaintiffs are "likely to face evidentiary obstacles" arising from litigating "expired" and "nearly-expired patent[s]"—obstacles that a stay only will increase. 2009 WL 192457, at *2 ("[T]he prejudice to St. Clair of delaying this action, which seeks damages for infringement from the time of the last trial through the present, is not insubstantial. With the passage of time, St. Clair is likely to face evidentiary obstacles and the prospect of litigating an expired or nearly-expired patent.").[5] This includes, for example, the possibility that the HTC employees with whom Plaintiffs negotiated regarding a license might choose to leave HTC—thus becoming more difficult or impossible to depose given local discovery restrictions.

None of HTC's argument refute or overcome any of these examples of prejudice that Plaintiffs would suffer were HTC's request granted. Indeed, at a high level, neither *Kaavo* nor *454 Life* concern one of several related actions. As such, at most, each case shows only what courts have done when such concerns are not at issue.

And even setting this critical distinction aside, neither case supports HTC's request. Certainly, in *Kaavo*, this Court made clear that "whether the parties are direct competitors" is not the sole focus of this factor; it merely is a "subfactor" that, when present, weighs against a stay. *Kaavo*, 2015 WL 1737476, at *3. As such, its absence does not preclude the non-movant from showing prejudice. *Id*. at *3-4. Furthermore, in *454 Life*, Chief Judge Stark caveated his holding

---

[5] The potential prejudice to KPN resulting from such "evidentiary obstacles" distinguishes HTC's reliance on *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015). There, the plaintiff did not even argue evidentiary issues might arise were the case stayed pending resolution of the IPR.

by pointing to the fact that "much work remains to be done *that could be averted by a stay*." *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016) (emphasis added). And, as explained, Chief Judge Stark made clear in *Power Integrations* that the calculus is radically different when "[a]ny efforts, including discovery, to be expended in this District during the pendency of the motion to dismiss will, if this case is dismissed, be useful" in a separate action. 2008 WL 496446, at *1. In such cases, it stated that "[t]he Court will not stay proceedings pending resolution of the motion." *Id.*

### 3. HTC Cannot Identify Any Hardship or Prejudice It Would Suffer if the Case Was Not Stayed—Much Less Show the Required "Clear Case of Hardship."

Finally, the last *St. Clair* factor—"the 'hardship or inequity' that the movant would face in going forward with the litigation"—likewise weighs against HTC's request here.

HTC cannot identify any actual prejudice it might suffer absent a stay and certainly has failed to make out the "clear case of hardship or inequity" required to justify its request. *St. Clair*, 2009 WL 192457, at *2. In fact, the entirety of HTC's argument as to its own prejudice appears to be its claim that, "if Plaintiffs are permitted 'to conduct a fishing expedition in order to find a cause of action,' Defendants will be unduly prejudiced and burdened with discovery to which Plaintiffs are not yet entitled, and which may not be required if one or both HTC Defendants are dismissed." Br. at 8 (quoting *Levey*, 590 Fed. Appx. at 137). The argument is a no-starter. As explained, Plaintiffs do not need to conduct a fishing expedition to find a cause of action. They already have several—a reality demonstrated by the fact that, unlike the defendant in *Levey*, HTC has not argued that Plaintiffs have not pleaded plausible claims.

Moreover, at a more basic level, the entirety of HTC's claimed prejudice stems from its desire to avoid complying with obligations "relating to initial contentions and early discovery." And in *Advanced Microscopy*, this Court squarely held that the need to comply with such

13

obligations do not cause the kind of "undue harm" necessary to satisfy this factor. *Advanced Microscopy*, 2016 WL 558615, at *1; *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, C.A. No. 15-691-LPS-CJB, 2015 WL 7824098, at *1 (D. Del. Dec. 3, 2015) (Burke, J.) (holding that "proceed[ing] forward with initial discovery" would "not unduly prejudice Defendants or be unduly harmful to the efficient management of these proceedings"). As such, even if HTC's prior concessions did not refute its argument, this Court's prior decisions would.

Because HTC has not identified a single credible example of prejudice it might suffer if its stay request is not granted, this factor likewise weighs against its motion.

*        *        *

For the reasons explained, every factor weighs against HTC's stay request here. Further, HTC has not come close to making out the "clear case of hardship or inequity" required to justify its request. *St. Clair*, 2009 WL 192457, at *2. As such, its motion should be denied.

## CONCLUSION

For the reasons set forth above, HTC has not shown any reason this Court should deviate from Chief Judge Stark's rule that, generally speaking, cases not be stayed pending the resolution of even early-filed motions to transfer and/or dismiss. Plaintiffs therefore respectfully request the Court deny HTC's motion to stay.


Dated: September 6, 2017                      Respectfully submitted,

                                              FARNAN LLP

                                              /s/ Brian E. Farnan
                                              Brian E. Farnan (Bar No. 4089)
                                              Michael J. Farnan (Bar No. 5165)
                                              919 N. Market St., 12th Floor
                                              Wilmington, DE 19801
                                              Tel: (302) 777-0300

Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Lexie G. White (admitted *pro hac vice*)
Jeffrey S. David (admitted *pro hac vice*)
SUSMAN GODFREY,  L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*Attorneys for Plaintiffs*