

September 20, 2017

**VIA E-FILING**
The Honorable Leonard P. Stark
844 North King Street, Unit 26, Room 6124
Wilmington, DE 19801

      Re:   *3G Licensing, S.A., et al. v. HTC Corp., et al.*, C.A. No. 17-cv-83-LPS-CJB

Dear Chief Judge Stark:

    Plaintiffs 3G Licensing, S.A., Koninklijke KPN N.V., and Orange S.A. file this letter pursuant to Your Honor's September 11, 2017 Oral Order requesting additional briefing regarding how the decisions in *Boston Scientific*, C.A. No. 15-980 (D.I. 315), and *Bristol-Myers Squibb*, C.A. No. 17-379 (D.I. 36), affect the motion to dismiss and/or transfer (D.I. 21) the HTC Defendants filed in this matter. For the reasons set forth below, the effect of the Court's orders is limited to Plaintiffs' claims against HTC America, Inc. As such, Plaintiffs' claims against HTC Corp. should be permitted to continue to move forward in this District.

  **A.  The Court's Orders Do Not Affect Venue as to HTC Corp.**

    This Court's *Boston Scientific* and *Bristol-Myers* opinions do not affect venue here as to HTC Corp. There is a good reason. HTC Corp. is a foreign defendant, and the Supreme Court has categorically held that 28 U.S.C. § 1400(b) does not apply to foreign defendants. *Brunette Mach. Works v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) ("Since respondent Brunette is an alien corporation, it cannot rely on s 1400(b)[1] as a shield against suit in the District of Oregon.").

    Notably, as Plaintiffs explained in their opposition to HTC's motion, HTC has been unable to cite any authority whatsoever to support their argument that, despite *Brunette*, this Court nevertheless should apply § 1400 to HTC Corp. As such, at the August 24, 2017 hearing in this matter, HTC came up with a new argument—telling the Court it could disregard *Brunette* because the Supreme Court had based its decision in that case in part on 28 U.S.C. § 1391(d), which HTC told the Court Congress had repealed in 2011. That simply is not true.

    When *Brunette* was decided, § 1391(d) stated that "[a]n alien may be sued in any district"—a statement the Supreme Court explained reflected "the *longstanding rule* that suits against alien defendants are outside" the reach of both general venue statutes *and 28 U.S.C. § 1400*. 406 U.S. 713-14 (emphasis added) (explaining "the general venue laws do not control in a suit against an alien defendant, nor does the special patent venue law"). And contrary to what HTC contends, little has changed today. In 2011, Congress simply *reorganized* § 1391 such that it now states *at § 1391(c)(3)* that a non-resident defendant "may be sued in any judicial district"—nearly identical language that demonstrates Congress' continued endorsement of the "longstanding rule." As such, HTC's argument that § 1400 should be applied to its foreign counterpart remains as meritless now as the Supreme Court found the argument to be in *Brunette*.

    Moreover, and to be clear, this Court's recent orders also do not affect the shortcomings in HTC's fallback argument that this Court lacks personal jurisdiction over HTC Corp. *See* Opp.,

---

[1] Plaintiffs notes that the Westlaw copy of this decision erroneously refers to § 1400(*d*). Plaintiffs have attached as Ex. 1 the original reporter, which reflects the proper reference to § 1400(*b*).

D.I. 28 at 3-9. Simply put, under the Federal Circuit's decision in *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1351 (Fed. Cir. 2016), and Your Honor's decisions in *Robert Bosch LLC v. Alberee Prod., Inc.*, 70 F. Supp. 3d 665, 673 (D. Del. 2014) (Stark, J.), and *Graphics Props. Holdings, Inc. v. ASUS ComputInt'l*, 70 F. Supp. 3d 654, 662 (D. Del. 2014) (Stark, J.), this Court has jurisdiction over a foreign defendant so long as (1) it exhibits "an intent to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiff's cause of action arises from injuries caused by that product." *Graphics Props.*, 70 F. Supp. 3d at 662. Here, this standard is met. Plaintiffs have shown both that HTC Corp. intended to serve the Delaware market and that, as a result, its products were and are being sold in Delaware—causing damage to Plaintiffs in this forum. *E.g.*, D.I. 28 at 4-6 (citing evidence, including HTC Corp.'s statements in its Annual Reports).

The Court's recent orders also do not change the fact that HTC's attempt to escape this Court's jurisdiction depends on cases that do not support its position. Indeed, *Round Rock Research LLC v. Asustek Computer Inc.*, 967 F. Supp. 2d 969 (D. Del. 2013) (Andrews, J.), not only is directly at odds with Your Honor's decisions in *Robert Bosch* and *Graphics Props.*, but the Federal Circuit's decision in *Polar Electro*. In fact, in every one of those decisions, the relevant court considered the approach HTC now urges—***and rejected it***. *Graphics Props.*, 70 F. Supp. 3d at 662 (noting *Round Rock* decision and rejecting its conclusion—holding instead "that the Delaware Supreme Court, if faced with the issue, would hold that the 'stream-of-commerce' theory does provide a basis for personal jurisdiction under Delaware law"); *Robert Bosch*, 70 F. Supp. 3d at 674-75 (same); *Polar Electro*, 829 F.3d at 1351 (rejecting *Round Rock* approach and citing *Robert Bosch* and *Graphics Props.* in support of conclusion "that the district court correctly applied the dual jurisdiction theory").

The Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.* likewise does not support HTC's argument—if it even applies.[2] First, the Federal Circuit has explained that (unlike the test applied by the California state courts in *Bristol-Myers*) the stream-of-commerce theory on which Plaintiffs rely "rests on a specific rather than general jurisdiction rationale." *Polar Electro*, 829 F.3d at 1352. Second, the stream-of-commerce theory also already requires what the Supreme Court found lacking in *Bristol-Myers:* injury to the plaintiff in the forum state. 137 S. Ct. 1773, 1778 (2017) (relying on the fact that "[t]he nonresident plaintiffs did not allege that ... *they were injured by Plavix or were treated for their injuries in California*"—the forum state (emphasis added)).

In sum, nothing in this Court's *Boston Scientific* and *Bristol-Myers* opinions affects the fact that this forum remains an appropriate venue for Plaintiffs' claims against HTC Corp.

### B. Plaintiffs Acknowledge That the Court Is Likely to Find That This Is Not a Proper Venue for Plaintiffs' Claims Against HTC America.

For the reasons explained in Plaintiffs' opposition to HTC's motion (D.I. 28 at 10-14), it remains Plaintiffs' position that HTC has not satisfied its burden to show that venue is not appropriate in this District as to HTC America and that HTC's motion to dismiss that entity for lack of venue therefore should be denied. Plaintiffs acknowledge, however, that if the Court

---

[2] In *Bristol-Myers*, the Supreme Court stated that it was "leav[ing] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court"—limiting its decision to state courts. 137 S. Ct. at 1784.

applies the test set forth in its *Boston Scientific* and *Bristol-Myers* opinions to the facts at issue in this matter, it likely would find that venue is not proper here as to HTC America.

### C. At Most, Only HTC America Should Be Dismissed from This Case.

Finally, as Plaintiffs also previously have explained, if the Court finds venue is not proper here as HTC America, the Court simply should dismiss that entity without prejudice from this action and allow Plaintiffs to move forward with their claims against HTC Corp. The reason is straightforward—and also not affected by anything in this Court's recent orders.

The Third Circuit has explained that, in deciding whether to dismiss or transfer under 28 U.S.C. § 1406, the chief concern is avoiding having the "same issues ... litigated in two places" simultaneously. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994). And here, dismissing HTC America and allowing Plaintiffs to proceed in this District on their claims against HTC Corp. alone is the *only outcome* that will preclude multiple courts from having to simultaneously address the large number of identical issues regarding the construction and validity of (1) the four patents at issue in this and the ***three*** *other related actions* now before this Court involving those same patents and (2) the '662 patent at issue in this and the ***nine*** *other related actions* now before this Court involving that patent. In contrast, transfer would create the very duplication that the Third Circuit explained should be avoided.

Moreover, dismissal is all the more appropriate given the facts of this case. Certainly, nothing requires Plaintiffs to maintain claims against both HTC entities. Rather, because—at most—they are joint tortfeasors, Plaintiffs are free to pursue claims against as many *or as few* of the HTC entities as they see fit. *Wylain, Inc. v. Kidde Consumer Durables Corp.*, 74 F.R.D. 434, 437 (D. Del. 1977) (holding joinder was not required because "the defendant, Marvin, and Devine were joint tortfeasors or joint infringers of plaintiff's patent, copyright, and trademark rights, and, where joint and several liability exists, the plaintiff has the privilege of selecting his defendant."). Moreover, to this day, Plaintiffs remain entitled to dismiss without prejudice their claims against HTC America pursuant to Fed. R. Civ. P. 41(a)(1).

As such, because Plaintiffs have decided that, if the Court finds that this is not a proper venue for their claims against HTC America, they will forego pursuing any claims against that HTC entity during the pendency of this action (a decision Plaintiffs have made specifically in light of the duplication concerns identified above), Plaintiffs respectfully ask the Court simply to dismiss HTC America and allow their claims against HTC Corp. to move forward.

                                            Respectfully submitted,

                                            /s/ Brian E. Farnan

                                            Brian E. Farnan

cc:      Counsel of Record (Via E-Filing)