## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

3G LICENSING, S.A., KONINKLIJKE    :
KPN N.V. and ORANGE S.A.,       :
                              :
      Plaintiffs,           :
                              :
     v.                    :      Civil Action No. 17-83-LPS-CJB
                              :
HTC CORPORATION and HTC      :
AMERICA INC.,              :
                              :
      Defendants.        :

## MEMORANDUM ORDER

Pending before the Court is Defendants HTC Corporation ("HTC Corp.") and HTC

America Inc.'s ("HTC America" and collectively with HTC Corp., "HTC" or "Defendants")

motion to dismiss (1) both Defendants for improper venue, or, in the alternative, to transfer

venue to the Western District of Washington; and (2) HTC Corp. for lack of personal jurisdiction

(D.I. 21). Having considered the parties' motion briefing (D.I. 22, 28, 30) and letter briefing in

response to the Court's September 11, 2017 Oral Order (D.I. 43, 50, 51, 54, 55), and for the

reasons stated below, IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 21) is

GRANTED-IN-PART and DENIED-IN-PART.

The Venue Defense Is Not Untimely

As an initial matter, Defendants' venue challenge is not untimely. As the Court of

Appeals for the Federal Circuit recently held, "[t]he Supreme Court changed the controlling law

when it decided *TC Heartland*[1] in May 2017." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1099

(Fed. Cir. 2017). Therefore, "[t]he venue objection was not available until the Supreme Court

---

[1]*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).

decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue." *Id.* at 1096.

## HTC America is Not a Delaware Resident for Purposes of Patent Venue

Venue in a patent case for domestic corporations is governed exclusively by 28 U.S.C. § 1400(b), *TC Heartland*, 137 S. Ct. at 1516, which provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of § 1400(b), a defendant which is a domestic corporation "resides" only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1517. It is undisputed that HTC America – which is incorporated in Washington (D.I. 20 at ¶ 10) – does not "reside" in Delaware.

## Venue is Not Proper in Delaware for HTC America Under the Second Prong of § 1400(b)

Venue is proper in this District unless HTC America can show that the second prong of § 1400(b) is not satisfied. *See Boston Scientific Corp. v. Cook Group Inc.*, __ F. Supp.3d __, 2017 WL 3996110, at *4 (D. Del. Sept. 11, 2017) (holding that burden is on party opposing venue). With respect to the second prong's requirement that a defendant have committed "acts of infringement" in the District, it is undisputed that HTC America has sold and offered for sale its allegedly infringing products in Delaware. (*See* D.I. 22 at 3-5; D.I. 28 at 11) Therefore, Delaware is a proper venue for this lawsuit unless HTC America can meet its burden to show it does not have a regular and established place of business in Delaware. If HTC America can show that that is true, then venue here is improper as to it, and the Court will have to dismiss or transfer this case (at least as to HTC America).

2

HTC America has met its burden – and, indeed, Plaintiffs no longer seriously dispute that Delaware is an improper venue as to HTC America. (*See* D.I. 50 at 2-3; D.I. 54 at 1) In HTC America's sworn declaration, it indicates that it has no physical location or facility in Delaware, and it has no employees located in Delaware. (D.I. 22 Ex. A at ¶¶ 5-6) HTC America has shown that it does not have a regular and established place of business in this District. Thus, venue does not lie in Delaware for HTC America under the second prong of Section 1400(b).

### HTC Corp. is a Foreign Defendant and May be Sued in Any Judicial District

HTC Corp. is a foreign defendant; specifically, it is a Taiwanese corporation with its principal place of business in Taoyuan, Taiwan. (D.I. 20 at ¶ 9) In *Brunette Mach. Works., Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 706-07 (1972), the Supreme Court held that when a foreign defendant is sued in a patent infringement action, the general venue provision, 28 U.S.C. § 1391, governs. Pursuant to § 1391, a foreign defendant may be sued in any judicial district. *See* 28 U.S.C. § 1391(c)(3).

Nevertheless, Defendants argue that "[f]or policy reasons" in light of the *TC Heartland* decision, the Court should find that venue is improper in this District as to HTC Corp. (D.I. 22 at 5-7; D.I. 55 at 1)[2] But the *TC Heartland* Court made clear that its holding did ***not*** address the applicability of Section 1400(b) to foreign defendants, and it explicitly stated that it did not

---

[2]Defendants' argument is essentially that *Brunette*'s holding "was unique to a situation where under the then existing statutory regime, no venue would have been proper." (D.I. 51 at 2) (internal quotation marks and emphasis omitted) In Defendants' view, due to statutory changes – as well as different circumstances, which here include that HTC America has a regular and established place of business in the State of Washington and "venue for HTC Corp. may be reasonably based on where venue is proper for HTC [America]," (D.I. 55 at 1) – *Brunette* cannot be dispositive here. The Court, however, understands *Brunette* to remain binding precedent, which determines the outcome here.

"express any opinion on" its holding in *Brunette.* 137 S. Ct. at 1520 n.2. Hence,

*Brunette* remains good law, *see, e.g., Red.com, Inc. v. Jinni Tech. Ltd.*, 2017 WL 4877414, at *7

(C.D. Cal. Oct. 11, 2017), and, accordingly, venue is proper in this District as to HTC Corp.

This Court May Exercise Personal Jurisdiction Over HTC Corp.

In addition to arguing that venue is improper as to both HTC America and HTC Corp.,

Defendants' motion also seeks dismissal of HTC Corp. pursuant to Federal Rule of Civil

Procedure 12(b)(2), based on lack of personal jurisdiction. (D.I. 22 at 7-9) The Court concludes

that this portion of Defendants' motion lacks merit.

This Court may exercise personal jurisdiction over a foreign defendant pursuant to the

"dual jurisdiction" or "stream of commerce" theory, where there is a showing: (1) of an intent to

serve the Delaware market; (2) this intent results in the introduction of the product into the

market; and (3) plaintiff's cause of action arises from injuries caused by that product. *See*

*Graphics Props. Holdings, Inc. v. ASUS Comput. Int'l*, 70 F. Supp. 3d 654, 662 (D. Del. 2014);

*see also Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1350 (Fed. Cir. 2016) (explaining that

when defendant shipped numerous accused products to Delaware retailers, fully expecting that

such products would thereafter be sold in Delaware, its actions were "purposefully directed to

Delaware, indicating an intent and purpose to serve not only the U.S. market generally, but also

the Delaware market specifically").

The record here shows that these preconditions are satisfied. In its 2015 Annual Report,

HTC Corp. stated it "maintains a presence in all key markets, including the United States" and its

"products are distributed across . . . America[] . . . through major carriers and local retail

channels." (D.I. 29 Ex. 1 at 34, 145) HTC Corp. further noted that it released particular

4

smartphones in partnership with "US carrier Verizon." (*Id.* at 49) The record also shows that HTC Corp.'s intent to serve the United States market has resulted in the accused products being sold in Delaware, including at numerous Best Buy, Sprint, and Verizon locations. (*Id.* Exs. 3-7) HTC Corp's smartphones are also sold online through HTC America's website. (*Id.* Ex. 9)

Defendants assert that the Supreme Court recently rejected the dual jurisdiction theory of personal jurisdiction, in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). (D.I. 22 at 8-9; D.I. 30 at 8) The Court disagrees. *Bristol-Myers Squibb* involved a class action filed in a California state court by a large group of plaintiffs, most of whom did not reside in California, against a Delaware corporation based in New York, asserting injuries from defendant's drug product. *See* 137 S. Ct. at 1777-78. The California Supreme Court utilized a "sliding scale approach" to find that California courts had specific jurisdiction over the nonresidents' claims. *Id.* at 1778-79. In reversing the California Court, the Supreme Court emphasized that what is needed for specific jurisdiction – and what was missing in *Bristol-Myers Squibb* – "is a connection between the forum and the specific claims at issue." *Id.* at 1781-82. No such connection could be discerned where the nonresidents were not prescribed the drug at issue in California, did not buy it in California, did not ingest it there, and were not injured by the drug in California. *Id.*

By contrast, here, the record shows that HTC Corp. intended to serve the Delaware market, and as a result, the accused products are being sold here, thereby allegedly causing damage to Plaintiffs. Thus, Defendants' argument based on *Bristol-Myers Squibb* is unavailing.

<u>Venue Proper as to One Defendant and Improper as to Second Defendant</u>

In light of the Court's conclusions above, venue is proper here as to HTC Corp. but

5

improper as to HTC America. Defendants request that both Defendants be dismissed or transferred together to the Western District of Washington pursuant to 28 U.S.C. § 1406(a). (D.I. 22 at 9-11; D.I. 30 at 9; D.I. 55 at 1-2) Section 1406(a) instructs district courts that when a suit is filed in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Plaintiffs object to transfer of the entire case and, instead, request that the Court dismiss HTC America without prejudice and allow this case to proceed in Delaware against just HTC Corp. (D.I. 50 at 3; D.I. 54 at 2) Plaintiffs would then "forego pursuing any claims against [HTC America] during the pendency of this action." (D.I. 50 at 3)

In the Court's view, an immediate transfer of the case as to both Defendants is not the most reasonable and appropriate outcome – particularly given Plaintiffs' objection, Plaintiffs' contingent request that its case against HTC America be dismissed, and the fact that ten other, related actions (involving at least one of the patents-in-suit in this case) are pending before the undersigned Judge. The Court is not (as yet) persuaded that it is in the interest of justice to burden a second District Court with patent infringement and invalidity disputes that overlap (if not entirely mirror) disputes this Court must (undisputedly) resolve in the related actions. Therefore, the Court will provide Plaintiffs an opportunity to dismiss their claims against HTC America (which they have not yet actually done) and will then permit HTC Corp. to renew its motion to transfer venue (and address the totality of relevant circumstances), or seek any other appropriate relief.

Accordingly, IT IS FURTHER ORDERED that:

1. No later than December 27, 2017, Plaintiffs shall, if they wish, dismiss HTC

6

America, and file an amended complaint.

2. No later than January 3, 2018, HTC Corp. and/or HTC America shall advise the Court, by motion or by letter, whether one or both of them seek transfer to the Western District of Washington and/or any other relief.

December 18, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT