IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 17-083-LPS |
| HTC CORPORATION, | ) ) | ███████████ |
| Defendant. | ) ) | Redacted- Public Version |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM NATHAN R HOESCHEN REGARDING DISCOVERY DISPUTES**

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant HTC Corporation*

OF COUNSEL:
Yar R. Chaikovsky
Philip Ou
Radhesh Devendran
Alexander H. Lee
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1832

Dated: July 17, 2019



Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0709 – Direct
nhoeschen@shawkeller.com

July 17, 2019

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

Redacted- Public Version



    Re:    *3G Licensing, S.A., et al. v. HTC Corp., et al.*, C.A. No. 17-83-LPS

Dear Judge Stark:

Defendant HTC respectfully requests the Court's assistance in resolving disputes related to the noticed depositions of two individuals: (1) Ms. Ilse Janssen and (2) Mr. Roy Chen.

    A.    <u>Ms. Janssen, a lead negotiator for Plaintiff KPN in past and on-going licensing discussions with HTC, should be compelled to sit for deposition in the U.S.</u>

Ms. Janssen is not just "any employee" of Plaintiff KPN, she is the author of dozens of communications between KPN and HTC that KPN will presumably rely on as purported evidence relevant to disputed issues in this case—including, notice of KPN's only remaining asserted patent (the '667 Patent), KPN's allegations of willful infringement, what KPN has contended to be a FRAND rate in licensing negotiations and KPN's contentions that it has offered to license its patents on FRAND terms. Exh. 1; Exh. 2. KPN's ESI disclosures admit that Ms. Janssen "was involved in the licensing negotiations that took place between KPN and … HTC . . . and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents." Exh. 3. Ms. Janssen is the ***only*** disclosed ESI custodian identified as having information specific to HTC. *Id.* She was not, however, identified in Plaintiffs' initial disclosures or amended disclosures (Exh. 4)—the only employee of KPN identified was her manager, Koenrad Wuyts, the ***only*** KPN employee designated as a corporate witness for KPN and the only KPN employee that has been deposed in this case.

HTC noticed Ms. Janssen's deposition on May 10, 2019, requesting that she appear in Palo Alto, CA "or at such other . . . place as may be agreed to by counsel." (Exh. 5). KPN responded that she would only appear in the Netherlands, claiming that KPN is only obligated to produce its officers, directors, and managing agents for depositions in the U.S.[1] (Exh. 6).

This contention is incorrect. Pursuant to Fed. R. Civ. P. 26(c), a district court has "great discretion in designating the location of a deposition." *Aerocrine AB v. Apieron Inc.*, 267 F.R.D.

---

[1] Additionally, Ms. Janssen qualifies as a managing agent of KPN because as an attorney she exercises significant discretion, and as a current employee she can be expected to appear to testify at KPN's request and identify with their interests in this matter. *See Kraemer v. Franklin & Marshall Coll.*, C.A. No. 95-0020, 1995 U.S. Dist. LEXIS 6310, at *2-3 (E.D. Pa. May 9, 1995); *see also* 7 *Moore's Federal Practice*, § 30.03 (3d ed. 1999).

SHAW KELLER LLP

Page 2

105, 108 (D. Del. 2010).  In exercising this discretion, "[t]he general rule is that a plaintiff must produce its witnesses for depositions in the district where the plaintiff instituted the action unless the plaintiff has shown financial hardship or inability to attend the deposition in that district." *Bayer AG v. Sony Elecs. Corp.*, C.A. No. 95-08-JJF, Mem. Op. at 6 (D. Del. Sept. 30, 1998) (Exh. 7) ("*Bayer*"); *see also Mobil Oil Corp. v. Advanced Environ. Recycling Tech., Inc.*, C.A. No. 92-351-JJF, Order (D. Del. March 30, 1995) (Exh. 8).  This rule, based on the equitable principle that "if you choose a forum, you . . . choose certain expenses," *Bayer*, at 6, requires plaintiffs to produce their employees in the United States without regard to their status within the company.  *See Onyx Therapeutics, Inc. v. Cipla Ltd., et al.*, C.A. No. 16-988-LPS, Oral Order (D. Del. June 14, 2018) (requiring counterclaim plaintiff to "produce its witnesses" who were senior scientists residing in India, subject to certain conditions, without determining if they were "managing agents") (Exh. 11).[2]  Considering Ms. Janssen's relevant knowledge and leading participation in licensing discussions on behalf of KPN with HTC, as admitted by Plaintiffs' own disclosures, it should come as no surprise that Ms. Janssen would be an anticipated witness and be compelled to testify in Delaware, regardless of how KPN characterized her employment.

KPN has contended that this general rule is inconsistent with §8(e)(v) of the Scheduling Order which requires "a party filing a civil action in this district court . . . to submit to a deposition at a place designated within this district." (D.I. 40). To the contrary, this passage—which is taken directly from the Court's Revised Patent Form Scheduling Order—shows that the "general rule" that a plaintiff must produce its employees in Delaware takes precedence over the competing presumption that corporate representatives be deposed at their principal place of business.  *See Invensas Corp. v. Renesas Elecs. Corp.,* C.A. No. 11-448-GMS-CJB, 2012 U.S. Dist. LEXIS 92455, at *8 (D. Del. June 27, 2012).  *I.e.*, *even* corporate officers, directors, and managing agents, who would otherwise be deposed only at their principal place of business, must submit to a deposition in Delaware.

There is no reason for the Court to make an exception in this case. Instead, the "various factors relating to 'cost, convenience, and litigation efficiency'" support granting HTC's request. *See Id.* (quoting *MEMC Elec. Materials v. Balakrishnan*, C.A. No.2:12-344, 2012 WL 1606053, at *3 (S.D. Ohio May 8, 2012).  KPN is a large corporation and has made no showing that transporting Ms. Janssen to the U.S. would present a financial hardship, as evidenced by the fact it is apparently willing to send its counsel on the same trip in the opposite direction.  Because counsel for all parties are located in the U.S., a deposition in the Netherlands would be many times more expensive, and consume many times more man-hours, than a deposition locally.  KPN should be required to preserve the resources of both parties and produce Ms. Janssen in Delaware (or another agreed-upon location in the U.S.).

B.      3G Licensing's course of conduct in this litigation demonstrates that Mr. Chen (a Sisvel Hong Kong employee) is within its control

Like Ms. Janssen on behalf of KPN, Mr. Chen is the author of numerous communications with HTC that Plaintiff 3G Licensing ("3GL") will presumably rely on as purported evidence relevant to issues including pre-suit notice, damages, willful infringement and FRAND (and

---

[2] *Cf. Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) ("each party is able, indeed, obligated to procure the attendance of its own employees for trial")

SHAW KELLER LLP

Page 3

breach of FRAND).  Exh. 9.  Yet, unlike Ms. Janssen, Plaintiffs contend they have no control over Mr. Chen— he is purportedly a third-party employed by 3GL's sister company, Sisvel Hong Kong.

While HTC acknowledges the corporate separateness between Plaintiff 3GL and other Sisvel entities, the argument that 3GL has no control over Mr. Chen is not credible in view of the 3G Licensing's course of conduct in this litigation.  Indeed, ██████████████████████████████████████████████████████████████████  By way of background, 3GL is a subsidiary of Sisvel International S.A. in Luxembourg.  The two entities share the same address and office. ████████████████████████████████████████████████████████

Plaintiff's initial and amended disclosures do not identify any 3GL employees.  The *only* individual—among all the Sisvel entities—identified is David Muus, "a Program Manager for the Sisvel Group."  *See* Exh. 4.  Mr. Muus was designated as the corporate representative for *all* deposition topics of 3GL, ████████████████████████████████  This alone begs the question: how can 3GL have control over Mr. Muus—██████—and not have control over Mr. Chen? ██████████████████████████████████████████████████

The blurred lines among Sisvel entities and employees is not isolated to Messrs. Muus and Chen. ████████████████████████████████████████████████████████████████████████████████████████████████████

HTC respectfully submits that it is not credible for Plaintiffs to contend they do not control Mr. Chen and cannot make him available for deposition, in particular if they intend to rely on communications authored by Mr. Chen in supports of their claims in this case.  Corporate separateness should not be used as both a sword and a shield to Plaintiffs' benefit.

---

[3] Mr. Hartmann was also identified as an ESI custodian and noticed for deposition given his role as "managing director" of 3G Licensing.  Exh. 3.  Plaintiffs apparently were unaware that Mr. Hartmann was no longer employed by 3G Licensing (despite that he is only one of three employees) and after Mr. Muus's deposition, informed HTC that they have no ability to compel him to appear for deposition.  In the interest of minimizing disputes and streamlining discovery, HTC decided not to further pursue Mr. Hartmann's deposition.

Sʜᴀᴡ Kᴇʟʟᴇʀ ʟʟᴘ

Page 4

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:     Clerk of the Court (by hand delivery)
        All counsel of record (by e-mail)

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on July 17, 2019, this document was served on

the persons listed below in the manner indicated:

**BY EMAIL**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Lexie G. White
Jeffrey S. David
Hunter Vance
Alejandra C. Salina
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-9366
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com
hvance@susmangodfrey.com
asalinas@susmangodfrey.com

Andres Healy
Jenna G. Farleigh
SUSMAN GODFREY, L.L.P
Suite 3800
1201 Third Avenue
Seattle, WA 98101
(206) 505-3843
ahealy@susmangodfrey.com
jfarleigh@susmangodfrey.com

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorney for Defendant HTC Corporation*

# EXHIBIT 1

REDACTED IN ITS ENTIRETY

# EXHIBIT 2

REDACTED IN ITS ENTIRETY

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-82-LPS-CJB |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| BLACKBERRY LIMITED and BLACKBERRY CORPORATION, | |
| Defendants. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-83-LPS-CJB |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| HTC CORPORATION and HTC AMERICA INC., | |
| Defendants. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-84-LPS-CJB |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LENOVO GROUP LTD., LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, | |
| Defendants. | |

1

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | C.A. No. 17-cv-85-LPS-CJB |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LG ELECTRONICS INC., LG ELECTRONICS, U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC., | |
| Defendants. | |

## PLAINTIFFS' INITIAL DISCLOSURES
## UNDER SECTION 3 OF THE DEFAULT STANDARD FOR DISCOVERY,
## INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Pursuant to Section 3 of this Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), Plaintiffs Koninklijke KPN N.V. ("KPN"), 3G Licensing, S.A. ("3G Licensing"), and Orange, S.A. ("Orange") (collectively, "Plaintiffs") make the following initial disclosures under Section 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

Plaintiffs make this disclosure based on the information reasonably available at this time and subject to their express reservation of their right to supplement and/or amend these disclosures. Further, Plaintiffs' disclosures are made without waiver of, or prejudice to, any objections Plaintiffs may have. Plaintiffs expressly reserve all such objections, including but not limited to any objections based on (a) relevance or materiality; (b) any and all privileges and immunities, including attorney-client, work product, common interest, or any other applicable privilege or protections; and (c) proportionality and undue burden.

## CUSTODIANS

Based upon information reasonably available to Plaintiffs at the present time, Plaintiffs

5191020v6/015427

identify the following individuals as custodians most likely to have discoverable information in their possession, custody, or control:

| | Name / Contact Information | Title | Role / Subject Matter |
|---|---|---|---|
| 1 | Koenraad Wuyts | Chief Intellectual Property Officer at KPN | Dr. Wuyts was involved in any licensing negotiations that took place between KPN and each Defendant and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
| 2 | Thomas Hartmann | Managing Director of 3G Licensing S.A. | Mr. Hartmann may have information concerning any licensing negotiations that took place between 3G and each Defendant and also may have information concerning the licensing, ownership, and infringement of the asserted 3G patents. |
| 3 | Cornelia Gerritse van Bavel | Patent Attorney in KPN's Intellectual Property Department | Ms. Gerritse was involved in licensing negotiations that took place between KPN and several Defendants, including the TCL Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
| 4 | Robert Jaap van Vliet | Patent Attorney in KPN's Intellectual Property Department | Mr. van Vliet was involved in the licensing negotiations that took place between KPN and several Defendants, including the BlackBerry, Lenovo, and Sierra Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted patent. |

3

| 5 | Ilse Janssen | Intellectual Property Counsel at KPN | Ms. Janssen was involved in the licensing negotiations that took place between KPN and several Defendants, including the HTC and LG Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
|---|---|---|---|
| 6 | Gert-Jan Schilt | Patent Attorney in KPN's Intellectual Property Department | Mr. Schilt was involved in the licensing negotiations that took place between KPN and several Defendants, including the Gemalto Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
| 7 | Daphne Creusen | Patent Attorney in KPN's Intellectual Property Department | Ms. Creusen was involved in the licensing negotiations that took place between KPN and several Defendants, including the Telit Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
| 8 | Dieneke van der Toorn | Paralegal in KPN's Intellectual Property Department | Ms. van der Toorn may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |
| 9 | Nancy Tjong Tjin Joe | Paralegal in KPN's Intellectual Property Department | Ms. Tjong Tjin Joe may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. |

| 10 | Louise Harley-Smeur | Former Patent Attorney in KPN's Intellectual Property Department | Ms. Harley-Smeur may have information concerning the conception, reduction to practice, prosecution, ownership, and infringement of the asserted KPN patents. |
|----|---------------------|------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------|

## NON-CUSTODIAL DATA SOURCES

Based upon information reasonably available to Plaintiffs at the present time, Plaintiffs identify the following non-custodial data sources:

(1)     Databases, network drives, and/or other repositories in the possession, custody, or control of third parties, including individuals associated with each Defendant;

(2)     Databases and/or network drives accessible by individuals associated with KPN's Intellectual Property Department;

(3)     Databases and/or network drives accessible by individuals associated with 3G Licensing;

(4)     Hard copy documents stored within KPN's Intellectual Property Department;

(5)     Hard copy documents stored within 3G Licensing.

## IDENTIFICATION OF ISSUES

Based upon information reasonably available to Plaintiffs at the present time, Plaintiffs identify the following issues:

(i) Plaintiffs contend that, in addition to the information identified in Schedule A of the Court's Default Standard, at least the following ESI is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i): text messages, MMS messages, instant messages (including WhatsApp and other third party communication platforms), and voicemail.

(ii) Plaintiffs intends to pursue third-party discovery from various individuals and entities, including those individuals and entities identified in Plaintiffs' Rule 26 Disclosures

5191020v6/015427

and any individuals and entities identified in response to a discovery request or at deposition. Aside from the potential need to obtain discovery through the Hague Convention and any confidentiality or privacy concerns set forth below, Plaintiffs currently are not aware of any issues that may impact the timing or sequence of such discovery.

(iii) Plaintiffs expect that they will be asked to produce and/or that they will request the production of information subject to claims of confidentiality. For example, Plaintiffs anticipate that they will be asked to produce licensing agreements and other documents for which they will be required to request permission to disclose. Third parties also are likely to have confidentiality concerns. In addition, absent a court order, Plaintiffs may be precluded from producing some documents. In addition, certain information currently may be stored or located in Europe or other areas outside the United States, or be under the possession, custody, or control of individuals or entities subject to foreign laws governing the disclosure of such information. Plaintiffs may need to obtain the Court's assistance in obtaining and/or producing such information. Plaintiffs also may need to obtain the Court's assistance in obtaining information and/or the production of witnesses under the Hague Convention.

Dated: September 13, 2017                 Respectfully submitted,

                                          FARNAN LLP

                                          /s/ Brian E. Farnan
                                          Brian E. Farnan (Bar No. 4089)
                                          Michael J. Farnan (Bar No. 5165)
                                          919 N. Market St., 12th Floor
                                          Wilmington, DE 19801
                                          Tel: (302) 777-0300
                                          Fax: (302) 777-0301
                                          bfarnan@farnanlaw.com
                                          mfarnan@farnanlaw.com

Lexie G. White (admitted pro hac vice)
Jeffrey S. David (admitted pro hac vice)
SUSMAN GODFREY,  L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Andres C. Healy (admitted pro hac vice)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

Attorneys for Plaintiffs

5191020v6/015427

<u>CERTIFICATE OF SERVICE</u>

I, Brian E. Farnan, hereby certify that on September 13, 2017, a copy of Plaintiffs' Initial

Disclosures under Section 3 of the Default Standard for Discovery, Including Discovery of

Electronically Stored Information was served on the following as indicated:

<u>Via E-Mail</u>
Colm F. Connolly
Amy M. Dudash
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
colm.connolly@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants BlackBerry*
*Limited and BlackBerry Corporation*

<u>Via E-Mail</u>
John W. Shaw
Jeffrey T. Castellano
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
jcastellano@shawkeller.com

*Attorneys for Defendants HTC Corporation*
*and HTC America Inc.*

<u>Via E-Mail</u>
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

*Attorneys for Defendants Lenovo Holding Co.,*
*Inc.,  Lenovo (United States) Inc., and*
*Motorola Mobility LLC*

<u>Via E-Mail</u>
Eric Kraeutler
John V. Gorman
Robert C. Bertin
Morgan, Lewis & Bockius LLP
eric.kraeutler@morganlewis.com
john.gorman@morganlewis.com
robert.bertin@morganlewis.com

*Attorneys for Defendants BlackBerry*
*Limited and BlackBerry Corporation*

<u>Via E-Mail</u>
Yar R. Chaikovsky
Philip Ou
Jonas P. Herrell
PAUL HASTINGS LLP
yarchaikovsky@paulhastings.com
philipou@paulhastings.com
jonasherrell@paulhastings.com

*Attorneys for Defendants HTC Corporation*
*and HTC America Inc.*

<u>Via E-Mail</u>
Jonathan E. Retsky
Kathleen B. Barry
James Winn
Andrew R. Sommer
WINSTON & STRAWN LLP
jretsky@winston.com
kbarry@winston.com
jwinn@winston.com
asommer@winston.com

*Attorneys for Defendants Lenovo Holding Co.,*

*Inc.,  Lenovo (United States) Inc., and*
*Motorola Mobility LLC*

<u>Via E-Mail</u>
Rodger D. Smith II
Morris, Nichols, Arsht &Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

*Attorneys for Defendants LG Electronics Inc.,*
*LG Electronics, U.S.A., Inc. and LG*
*Electronics Mobilecomm U.S.A., Inc.*

<u>Via E-Mail</u>
Peter H. Kang
Steven S. Baik
Ashish Nagdev
Jinyung Lee
Ryan M. Sandrock
SIDLEY AUSTIN LLP
pkang@sidley.com
sbaik@sidley.com
anagdev@sidley.com
jinyung.lee@sidley.com
rsandrock@sidley.com

*Attorneys for Defendants LG Electronics Inc.,*
*LG Electronics, U.S.A., Inc. and LG*
*Electronics Mobilecomm U.S.A., Inc.*

<u>/s/ Brian E. Farnan</u>
Brian E. Farnan (Bar No. 4089)

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-82-LPS |
| v. | **JURY TRIAL DEMANDED** |
| BLACKBERRY LIMITED and BLACKBERRY CORPORATION, | |
| Defendants. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-83-LPS |
| v. | **JURY TRIAL DEMANDED** |
| HTC CORPORATION, | |
| Defendant. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-84-LPS |
| v. | **JURY TRIAL DEMANDED** |
| LENOVO GROUP LTD., LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, | |
| Defendants. | |

1

|  |  |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS, U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>        Defendants. | C.A. No. 17-cv-85-LPS<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED RULE 26 INITIAL DISCLOSURES

Pursuant to Paragraph 1 of the Scheduling Order and Fed. R. Civ. P. 26(a)(1), Plaintiffs 3G

Licensing, S.A. ("3G"), Koninklijke KPN N.V. ("KPN"), and Orange S.A. ("Orange") make the

following disclosures:

     **i.**     **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

Plaintiffs identify by reference each individual identified by any Defendant in any disclosure

or discovery response that may be served in this matter, as well as each person for whom a written

report may be served in this matter, in accordance with Federal Rule of Civil Procedure 26(a)(2)(B),

as well as any individuals identified therein. In addition, Plaintiffs state:

1.    **Johannes Maria van Loon**
      **Makorehout 31**
      **2719 JE ZOETERMEER**
      **The Netherlands**

Mr. van Loon is an inventor of United States Patent No. 9,014,667 ("the '667 patent"). Mr.

van Loon may have information concerning the '667 patent, including its conception, reduction to

practice, prosecution, and ownership.

2.      **Michael Robert Schenk**
        **Kleine Nobelstraat 28**
        **2513 BZ DEN HAAG**
        **The Netherlands**

Mr. Schenk is an inventor of the '667 patent. Mr. Schenk may have information concerning the '667 patent, including its conception, reduction to practice, prosecution, and ownership.

3.      **David A. Grabelsky**
        **McDonnell Boehnen Hulbert & Berghoff LLP**
        **300 South Wacker Drive**
        **Chicago, IL 60606**
        **(312) 913-0001**

David A. Grabelsky, a patent agent at McDonnell Boehnen Hulbert & Berghoff LLP, was involved in the prosecution of the patent application from which the '667 patent issued. Mr. Grabelsky may have information related to the conception of the invention disclosed in the '667 patent, and also the prosecution of the application from which the '667 patent issued.

4.      **Vincent Le Nir**
        **14 rue Henri LaForest**
        **61100 Flers, France**

Vincent Le Nir is an inventor of United States Patent No. 7,933,564 ("the '564 patent"). Mr. Le Nir may have information concerning the '564 patent, including its conception, reduction to practice, prosecution, and ownership.

5.      **Maryline Helard**
        **5 rue Charles Demange**
        **35700 Rennes, France**

Maryline Helard is an inventor of the '564 patent. Ms. Helard may have information concerning the '564 patent, including its conception, reduction to practice, prosecution, and ownership.

6.      **Alban Goupil**
        **11 Avenue Janvier**
        **35000 Rennes, France**

Alban Goupil is an inventor of the '564 patent. Mr. Goupil may have information concerning the '564 patent, including its conception, reduction to practice, prosecution, and ownership.

7.      **David D. Brush**
        **Westman, Champlin & Kelly, P.A.**
        **900 Second Avenue South, Suite 1400**
        **Minneapolis, MN 55402**
        **(612) 330-0484**

David D. Brush, a patent agent at Westman, Champlin & Kelly, P.A., was involved in the prosecution of the patent application from which the '564 patent issued. Mr. Brush may have information related to the conception of the invention disclosed in the '564 patent, and also the prosecution of the application from which the '564 patent issued.

8.      **Michael David Stanmore Crook**
        **99 Wentwood View**
        **Caldicot, Monmouthshire**
        **NP26 4QH, United Kingdom**

Michael David Stanmore Crook is an inventor of United States Patent No. 7,995,091 ("the '091 patent"). Mr. Crook may have information concerning the '091 patent, including its conception, reduction to practice, prosecution, and ownership.

9.      **Peter Ford**
        **18 Summers Mead**
        **Yate, Bristol**
        **BS17 5RB United Kingdom**

Peter Ford is an inventor of United States Patent No. 6,856,818 ("the '818 patent"). Mr. Ford may have information concerning the '818 patent, including its conception, reduction to practice, prosecution, and ownership.

10.     **John M. Carson**
        **Knobbe Martens Oison & Bear, LLP**
        **2595 East Bayshore Road**
        **Palo Alto, CA 94303**
        **(650) 752-1100**

John M. Carson, a patent agent at Knobbe Martens Oison & Bear, LLP, was involved in the prosecution of the patent application from which the '091 patent issued. Mr. Carson may have information related to the conception of the invention disclosed in the '091 patent, and also the prosecution of the application from which the '091 patent issued. Mr. Carson also was involved in the prosecution of the patent application from which the '818 patent issued. Mr. Carson may have information related to the conception of the invention disclosed in the '818 patent, and also the prosecution of the application from which the '818 patent issued.

11.     **Jerome Spaargaren**
        **Fairfax House**
        **15 Fulwood Place**
        **London WC1V 6HU, United Kingdom**

Jerome Spaargaren, a patent attorney, may have information and documents related to the prosecution of the applications from which the '091 patent and '818 patents issued.

12.     **Koenraad Wuyts**
        **c/o Susman Godfrey LLP**
        **1000 Louisiana, Suite 5100**
        **Houston, Texas 77002**
        **(713) 651-9366**

Koenraad Wuyts is the Chief Intellectual Officer of KPN. Dr. Wuyts was involved in any licensing negotiations that took place between KPN and each Defendant and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents. Dr. Wuyts also may have information concerning Defendants' notice of the asserted patents and their respective infringement, as well as Defendants' infringement and the damages resulting from that infringement.

13.     **David Muus**
        **3 Waterhouse Square**
        **138-142 Holborn EC1N 2SW**
        **London, UK**
        **+44 203 053 6930**

David Muus is a Program Manager for the Sisvel Group and coordinates the LTE/LTE-A Patent Pool License Program for Sisvel UK Limited. Mr. Muus may have information concerning the asserted patents, including their history, licensing, and ownership. Mr. Muus also may have information concerning efforts to license those patents to Defendants, including Defendants' notice of the asserted patents and their respective infringement, as well as Defendants' infringement and the damages resulting from that infringement.

14. **Current and former representatives and/or employees of BlackBerry**
    **Contact information presently unknown**

Blackberry Limited and Blackberry Corporation (collectively, "BlackBerry") are defendants in this case. It is believed that BlackBerry's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates may have knowledge relevant to the manufacture, sale, use, importation, and distribution of products, systems, and methods using the technology at issue in its case, as well as the infringement of the '667, '564, '091, and '818 patents. It also is believed that BlackBerry's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding the actions taken by BlackBerry when it first learned of the '667, '564, '091, and '818 patents. It further is believed that BlackBerry's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It also is believed that BlackBerry's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding BlackBerry's counterclaims and/or affirmative defenses.

15. **Randall W. Mishler**
    **Contact information presently unknown**

Randall W. Mishler previously was Senior Director of Licensing at BlackBerry Corporation. It is believed that Mr. Mishler may have knowledge related to relevant documents in BlackBerry's

possession, custody, or control. It further is believed that Mr. Mishler may have knowledge regarding BlackBerry's document retention policies, and BlackBerry's efforts to produce relevant documents in this matter. It also is believed that Mr. Mishler will have information regarding the actions taken by BlackBerry when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Mishler will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Mishler will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

**16.    Anthony Kim**
**Contact information presently unknown**

Anthony Kim is Director, Legal Counsel at BlackBerry Corporation. It is believed that Mr. Kim may have knowledge related to relevant documents in BlackBerry's possession, custody, or control. It further is believed that Mr. Kim may have knowledge regarding BlackBerry's document retention policies, and BlackBerry's efforts to produce relevant documents in this matter. It also is believed that Mr. Kim will have information regarding the actions taken by BlackBerry when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Kim will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Kim will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

**17.    Steven E. Zipperstein**
**Contact information presently unknown**

Steven E. Zipperstein is Chief Legal Officer of Blackberry Limited. It is believed that Mr. Zipperstein may have knowledge related to relevant documents in BlackBerry's possession, custody, or control. It further is believed that Mr. Zipperstein may have knowledge regarding BlackBerry's document retention policies, and BlackBerry's efforts to produce relevant documents in this matter.

It also is believed that Mr. Zipperstein will have information regarding the actions taken by BlackBerry when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Zipperstein will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Zipperstein will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

18.     **John S. Chen**
        **Contact information presently unknown**

John S. Chen is CEO and Chairman of Blackberry Limited. It is believed that Mr. Chen may have knowledge related to relevant documents in BlackBerry's possession, custody, or control. It further is believed that Mr. Chen may have knowledge regarding BlackBerry's document retention policies, and BlackBerry's efforts to produce relevant documents in this matter. It also is believed that Mr. Chen will have information regarding the actions taken by BlackBerry when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Chen will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Chen will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

19.     **Current and former representatives and/or employees of HTC**
        **Contact information presently unknown**

HTC Corporation ("HTC") is a defendant in this case. It is believed that HTC's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates may have knowledge relevant to the manufacture, sale, use, importation, and distribution of products, systems, and methods using the technology at issue in its case, as well as the infringement of the '667, '564, '091, and '818 patents. It also is believed that HTC's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding the actions taken by

HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that HTC's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It also is believed that HTC's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding HTC's counterclaims and/or affirmative defenses.

**20.    Owais Siddiqui**
       **Contact information presently unknown**

Owais Siddiqui is Executive Patent Litigation Director for HTC America Inc. It is believed that Mr. Siddiqui may have knowledge related to relevant documents in HTC's possession, custody, or control. It further is believed that Mr. Siddiqui may have knowledge regarding HTC's document retention policies, and HTC's efforts to produce relevant documents in this matter. It also is believed that Mr. Siddiqui will have information regarding the actions taken by HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Siddiqui will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Siddiqui will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

**21.    Lynn Yu**
       **Contact information presently unknown**

Lynn Yu is a director of licensing of HTC Corporation. It is believed that Ms. Yu may have knowledge related to relevant documents in HTC's possession, custody, or control. It further is believed that Ms. Yu may have knowledge regarding HTC's document retention policies, and HTC's efforts to produce relevant documents in this matter. It also is believed that Ms. Yu will have information regarding the actions taken by HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Ms. Yu will have knowledge of the facts related to the design,

development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Ms. Yu will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents. It is further believed that Mr. Yu will have knowledge of the facts related to efforts to license the '667, '564, '091, and '818 patents.

22.  **Eva Chiang**
     **Contact information presently unknown**

Eva Chiang is involved with IP litigation and licensing at HTC Corporation. It is believed that Ms. Chiang may have knowledge related to relevant documents in HTC's possession, custody, or control. It further is believed that Ms. Chiang may have knowledge regarding HTC's document retention policies, and HTC's efforts to produce relevant documents in this matter. It also is believed that Ms. Chiang will have information regarding the actions taken by HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Ms. Chiang will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Ms. Chiang will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

23.  **Joanne Hung**
     **Contact information presently unknown**

Joanne Hung is an employee at HTC Corporation. It is believed that Ms. Hung may have knowledge related to relevant documents in HTC's possession, custody, or control. It further is believed that Ms. Hung may have knowledge regarding HTC's document retention policies, and HTC's efforts to produce relevant documents in this matter. It also is believed that Ms. Hung will have information regarding the actions taken by HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Ms. Hung will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the

technology at issue in its case. It is further believed that Ms. Hung will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

24.    **Fanwei Hsu**
       **Contact information presently unknown**

Fanwei Hsu is an employee at HTC Corporation. It is believed that Ms. Hsu may have knowledge related to relevant documents in HTC's possession, custody, or control. It further is believed that Ms. Hsu may have knowledge regarding HTC's document retention policies, and HTC's efforts to produce relevant documents in this matter. It also is believed that Ms. Hsu will have information regarding the actions taken by HTC when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Ms. Hsu will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Ms. Hsu will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

25.    **Current and former representatives and/or employees of Lenovo**
       **Contact information presently unknown**

Lenovo Group Ltd., Lenovo Holding Co., Inc., Lenovo (United States) Inc. (collectively, "Lenovo"), and Motorola Mobility LLC ("Motorola") are defendants in this case. It is believed that Lenovo and Motorola's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates may have knowledge relevant to the manufacture, sale, use, importation, and distribution of products, systems, and methods using the technology at issue in its case, as well as the infringement of the '667, '564, '091, and '818 patents. It also is believed that Lenovo and Motorola's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding the actions taken by Lenovo and Motorola when each first learned of the '667, '564, '091, and '818 patents. It further is believed that Lenovo and Motorola's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will

have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It also is believed that Lenovo and Motorola's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding Lenovo's counterclaims and/or affirmative defenses.

26.   **Kathryn Tsirigotis**
      **Contact information presently unknown**

Kathryn Tsirigotis is Director of Licensing of Lenovo (United States) Inc. It is believed that Ms. Tsirigotis may have knowledge related to relevant documents in Lenovo's possession, custody, or control. It further is believed that Ms. Tsirigotis may have knowledge regarding Lenovo's document retention policies, and Lenovo's efforts to produce relevant documents in this matter. It also is believed that Ms. Tsirigotis will have information regarding the actions taken by Lenovo when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Ms. Tsirigotis will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Ms. Tsirigotis will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

27.   **Gary Cunningham**
      **Contact information presently unknown**

Gary Cunningham is Senior Counsel at Motorola Mobility LLC. It is believed that Mr. Cunningham may have knowledge related to relevant documents in Motorola's possession, custody, or control. It further is believed that Mr. Cunningham may have knowledge regarding Motorola's document retention policies, and Motorola's efforts to produce relevant documents in this matter. It also is believed that Mr. Cunningham will have information regarding the actions taken by Motorola when it first learned of the '564, '091, and '818 patents. It further is believed that Mr. Cunningham will have knowledge of the facts related to the design, development and operation of products,

systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Cunningham will have knowledge of the facts related to any efforts in licensing the '564, '091, and '818 patents.

**28.  Tom Miller**
**Contact information presently unknown**

Tom Miller is an employee at Motorola Mobility LLC. It is believed that Mr. Miller may have knowledge related to relevant documents in Motorola's possession, custody, or control. It further is believed that Mr. Miller may have knowledge regarding Motorola's document retention policies, and Motorola's efforts to produce relevant documents in this matter. It also is believed that Mr. Miller will have information regarding the actions taken by Motorola when it first learned of the '564, '091, and '818 patents. It further is believed that Mr. Miller will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Miller will have knowledge of the facts related to any efforts in licensing the '564, '091, and '818 patents.

**29.  Ira Blumberg**
**Contact information presently unknown**

Ira Blumberg is an employee at Motorola Mobility LLC. It is believed that Mr. Blumberg may have knowledge related to relevant documents in Motorola's possession, custody, or control. It further is believed that Mr. Blumberg may have knowledge regarding Motorola's document retention policies, and Motorola's efforts to produce relevant documents in this matter. It also is believed that Mr. Blumberg will have information regarding the actions taken by Motorola when it first learned of the '564, '091, and '818 patents. It further is believed that Mr. Blumberg will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr.

Blumberg will have knowledge of the facts related to any efforts in licensing the '564, '091, and '818 patents.

**30.    Current and former representatives and/or employees of LG
Contact information presently unknown**

LG Electronics Inc., LG Electronics, U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc., (collectively, "LG") are defendants in this case. It is believed that LG's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates may have knowledge relevant to the manufacture, sale, use, importation, and distribution of products, systems, and methods using the technology at issue in its case, as well as the infringement of the '667, '564, '091, and '818 patents. It also is believed that LG's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that LG's current and former representatives, employees, subsidiaries, contractors, partners, and affiliates will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It also is believed that LG will have information regarding LG's counterclaims and/or affirmative defenses.

**31.    Jae-Oak Kho
Contact information presently unknown**

Jae-Oak Kho is Senior Manager, Intellectual Property Center of LG Electronics Inc. It is believed that Mr. Kho may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Kho may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Kho will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Kho will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and

methods using the technology at issue in its case. It is further believed that Mr. Kho will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

**32.    Hojun Suh**
**Contact information presently unknown**

Hojun Suh is Manager Intellectual Property Center of LG Electronics Inc. It is believed that Mr. Suh may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Suh may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Suh will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Suh will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Suh will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

**33.    Changhwan Lee**
**Contact information presently unknown**

Changhwan Lee is an employee at LG Electronics Inc.. It is believed that Mr. Lee may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Lee may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Lee will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Lee will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Lee will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

**34.    Jungsheek Juhn**

**Contact information presently unknown**

Jungsheek Juhn is an employee at LG Electronics Inc. It is believed that Mr. Juhn may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Juhn may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Juhn will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Juhn will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Juhn will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

35. **Jeongsu Kang**
    **Contact information presently unknown**

Jeongsu Kang is an employee at LG Electronics Inc. It is believed that Mr. Kang may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Kang may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Kang will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Kang will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Kang will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

36.    **Jinwook Lee**
       **Contact information presently unknown**

Jinwook Lee is an employee at LG Electronics Inc. It is believed that Mr. Kang may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Lee may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Lee will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Lee will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Lee will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

37.    **Yangho Kim**
       **Contact information presently unknown**

Yangho Kim is an employee at LG Electronics Inc. It is believed that Mr. Kim may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Mr. Kim may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Mr. Kim will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Mr. Kim will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Mr. Kim will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

17

38.     **Dr. Joo Sup Kim**
        **Contact information presently unknown**

Dr. Joo Sup Kim is an employee at LG Electronics Inc. It is believed that Dr. Kim may have knowledge related to relevant documents in LG's possession, custody, or control. It further is believed that Dr. Kim may have knowledge regarding LG's document retention policies, and LG's efforts to produce relevant documents in this matter. It also is believed that Dr. Kim will have information regarding the actions taken by LG when it first learned of the '667, '564, '091, and '818 patents. It further is believed that Dr. Kim will have knowledge of the facts related to the design, development and operation of products, systems, and processes, and methods using the technology at issue in its case. It is further believed that Dr. Kim will have knowledge of the facts related to any efforts in licensing the '667, '564, '091, and '818 patents.

ii.     **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Plaintiffs identify at least the following documents, electronically stored documents, and tangible things that they have in their possession, custody, or control, that they may use to support their claims or defenses:

a.  File histories for the '667, '564, '091, and '818 patents;
b.  Documents evidencing the conception and reduction to practice for the '667, '564, '091, and '818 patents;
c.  Documents relating to Plaintiffs putting BlackBerry on notice of the '667, '564, '091, and '818 patents, and BlackBerry's infringement thereof;
d.  Documents relating to Plaintiffs putting HTC on notice of the '667, '564, '091, and '818 patents, and HTC's infringement thereof;
e.  Documents relating to Plaintiffs putting Lenovo/Motorola on notice of the '667, '564, '091, and '818 patents, and Lenovo/Motorola's infringement thereof;
f.  Documents relating to Plaintiffs putting LG on notice of the '667, '564, '091, and '818 patents, and LG's infringement thereof;
g.  Documents relating to the ownership of the '667, '564, '091, and '818 patents;
h.  Documents relating to the technical details of BlackBerry's infringing products;
i.  Documents relating to the technical details of HTC's infringing products;
j.  Documents relating to the technical details of Lenovo/Motorola's infringing products;

18

k.   Documents relating to the technical details of LG's infringing products;

l.   Documents relating to damages incurred by Plaintiffs due to BlackBerry's infringement;

m.   Documents relating to damages incurred by Plaintiffs due to HTC's infringement;

n.   Documents relating to damages incurred by Plaintiffs due to Lenovo/Motorola's infringement;

o.   Documents relating to damages incurred by Plaintiffs due to LG's infringement;

p.   Documents relating to any indemnification agreements between BlackBerry and any supplier;

q.   Documents relating to any indemnification agreements between HTC and any supplier;

r.   Documents relating to any indemnification agreements between Lenovo/Motorola and any supplier;

s.   Documents relating to any indemnification agreements between LG and any supplier;

t.   License agreements and licensing history relating to the '667, '564, '091, and '818 patents;

u.   Communications between Plaintiffs and BlackBerry;

v.   Communications between Plaintiffs and HTC;

w.   Communications between Plaintiffs and Lenovo/Motorola; and

x.   Communications between Plaintiffs and LG.

Upon request, Plaintiffs will produce non-privileged copies of same to BlackBerry, HTC, Lenovo, and LG in accordance with the Court's Scheduling Order and, to the extent necessary, entry of a Protective Order by the Court.

**iii.   A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

Plaintiffs are entitled to damages adequate to compensate them for BlackBerry's, HTC's, Lenovo/Motorola's,[1] and LG's infringement. In accordance with the patent laws, Plaintiffs are entitled to at least a reasonable royalty, as well as trebled damages in view of BlackBerry's, HTC's, Lenovo's, LG's, and Motorola's willful infringement. Plaintiffs are also entitled to interest and costs as fixed by the Court. In accordance with the Court's Scheduling Order, Plaintiffs will submit expert disclosures supplementing this disclosure and providing more specific details regarding the amount

---

[1] KPN does not assert any infringement claims against Motorola, and Plaintiffs Orange and 3G

of damages sought. Further, in accordance with the Court's Scheduling Order and, to the extent required, upon entry of a Protective Order by the Court, Plaintiffs will produce copies of non-privileged documents relating to Plaintiffs' computation of damages.

    **iv.**     **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are not aware of any indemnity or insuring agreements that might be applicable to this case.

***

The above disclosures are based upon information reasonably available to Plaintiffs at this time and are made without prejudice to Plaintiffs' right to amend or supplement these disclosures in the future (or to present other evidence or argument).

Dated: May 7, 2018             Respectfully submitted,

                          FARNAN LLP

                          /s/ Brian E. Farnan
                          Brian E. Farnan (Bar No. 4089)
                          Michael J. Farnan (Bar No. 5165)
                          919 N. Market St., 12th Floor
                          Wilmington, DE 19801
                          Tel: (302) 777-0300
                          Fax: (302) 777-0301
                          bfarnan@farnanlaw.com
                          mfarnan@farnanlaw.com

                          Lexie G. White (admitted *pro hac vice*)
                          Jeffrey S. David (admitted *pro hac vice*)
                          SUSMAN GODFREY, L.L.P.
                          1000 Louisiana Street, Suite 5100
                          Houston, Texas 77002
                          Telephone: (713) 651-9366
                          Facsimile: (713) 654-6666

---

Licensing seek damages for Motorola's infringement of the '564, '091, and '818 patents only.

lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*Attorneys for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I, Brian E. Farnan, hereby certify that on May 7, 2018, a copy of Plaintiffs' First

Amended Rule 26 Initial Disclosures was served on the following as indicated:

<u>Via E-Mail</u>
Colm F. Connolly
Amy M. Dudash
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
colm.connolly@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants BlackBerry
Limited and BlackBerry Corporation*

<u>Via E-Mail</u>
Eric Kraeutler
John V. Gorman
Robert C. Bertin
Morgan, Lewis & Bockius LLP
eric.kraeutler@morganlewis.com
john.gorman@morganlewis.com
robert.bertin@morganlewis.com

*Attorneys for Defendants BlackBerry
Limited and BlackBerry Corporation*

<u>Via E-Mail</u>
John W. Shaw
Jeffrey T. Castellano
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
jcastellano@shawkeller.com

*Attorneys for Defendants HTC Corporation
and HTC America Inc.*

<u>Via E-Mail</u>
Yar R. Chaikovsky
Philip Ou
Jonas P. Herrell
PAUL HASTINGS LLP
yarchaikovsky@paulhastings.com
philipou@paulhastings.com
jonasherrell@paulhastings.com

*Attorneys for Defendants HTC Corporation
and HTC America Inc.*

<u>Via E-Mail</u>
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

*Attorneys for Defendants Lenovo Holding
Co., Inc.,  Lenovo (United States) Inc., and
Motorola Mobility LLC*

<u>Via E-Mail</u>
Steven D. Moore
Russell A. Korn
Taylor Higgins Ludlam
Richard W. Goldstucker
Courtney S. Dabbiere
KILPATRICK TOWNSEND AND
STOCKTON LLP
Smoore@kilpatricktownsend.com
Rkorn@kilpatricktownsend.com
Taludlam@kilpatricktownsend.com
Rgoldstucker@kilpatricktownsend.com
CDabbiere@kilpatricktownsend.com

*Attorneys for Defendants Lenovo Holding Co., Inc.,  Lenovo (United States) Inc., and Motorola Mobility LLC*

<u>Via E-Mail</u>
Rodger D. Smith II
Morris, Nichols, Arsht &Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

*Attorneys for Defendants LG Electronics Inc., LG Electronics, U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc.*

<u>Via E-Mail</u>
Peter H. Kang
Steven S. Baik
Ashish Nagdev
Jinyung Lee
Ryan M. Sandrock
SIDLEY AUSTIN LLP
pkang@sidley.com
sbaik@sidley.com
anagdev@sidley.com
jinyung.lee@sidley.com
rsandrock@sidley.com

*Attorneys for Defendants LG Electronics Inc., LG Electronics, U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc.*

<u>/s/ Brian E. Farnan</u>
Brian E. Farnan (Bar No. 4089)

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-82-LPS-CJB |
| v. | **JURY TRIAL DEMANDED** |
| BLACKBERRY LIMITED and BLACKBERRY CORPORATION, | |
| Defendants. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-83-LPS-CJB |
| v. | **JURY TRIAL DEMANDED** |
| HTC CORPORATION, | |
| Defendant. | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | |
| Plaintiffs, | C.A. No. 17-cv-84-LPS-CJB |
| v. | **JURY TRIAL DEMANDED** |
| LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, | |
| Defendants. | |

-

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A.,<br><br>                Plaintiffs,<br><br>           v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS, U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>                Defendants. | C.A. No. 17-cv-85-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF DEPOSITION TO ILSE JANSSEN

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Defendant HTC Corporation in the above captioned case ("Defendant") will take the Oral and Videotaped Deposition of Ilse Janssen on May 24, 2019 at 9:00AM at the offices of PAUL HASTINGS LLP, 1117 S. California Avenue, Palo Alto, CA 94304, or at such other time and place as may be agreed to by counsel.

The deposition will continue from day to day until completed or unless otherwise ordered by the Court or by agreement of the parties. The deposition will be stenographically recorded utilizing real-time reporting and will be taken before a person authorized to administer oaths in the place where the deposition is taken. The deposition will be videotaped.

DATED: May 10, 2019

By: /s/ Bruce Yen
John W. Shaw (No. 3362)
SHAW KELLER LP
I.M. Pei Building
1105 North Market Street, 12th floor
Wilmington, DE 19801

OF COUNSEL:

Yar R. Chaikovsky (admitted Pro Hac Vice)
Philip Ou (admitted Pro Hac Vice)
Bruce Yen (admitted Pro Hac Vice)
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Defendant
HTC CORPORATION

## CERTIFICATE OF SERVICE

I, Nikole Faasisila, hereby certify that on May 10, 2019, a copy of Defendant HTC

Corporation's Notice of Deposition to Ilse Janssen was served via email on the following:

Attorneys for Plaintiffs

Brian E. Farnan
Michael J. Farnan
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Lexie G. White (admitted pro hac vice)
Jeffrey S. David (admitted pro hac vice)
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Andres C. Healy (admitted pro hac vice)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*/s/ Nikole Faasisila*
Nikole Faasisila

# EXHIBIT 6

| | |
|---|---|
| **From:** | Andres Healy |
| **To:** | Ou, Philip; Chaikovsky, Yar R.; John Shaw; Oros, Mary J.; Devendran, Radhesh; Trevino, C. Daniel; Yen, Bruce; Nate Hoeschen; John Shaw |
| **Cc:** | Hunter Vance; Joanna Stanley; Lexie White; Jenna Farleigh; Andres Healy; Brian E. Farnan; Michael J. Farnan; Andres Healy |
| **Subject:** | [EXT] RE: 3G Licensing, S.A. et al v. HTC Corporation, Case No. 1:17-cv-83 (Del) |
| **Date:** | Wednesday, May 15, 2019 11:14:28 AM |

Phil,

We disagree. Your position that all employees must be presented for deposition in Delaware is inconsistent with (and basically would nullify) the express text of the Court's Scheduling Order in this case, which limits the requirement to present a witness in Delaware to a "party" or an "officer, director, or managing agent." Scheduling Order at ¶ 8(e)(v). As explained, ==Ms. Janssen is neither testifying on behalf of KPN nor an officer, director, or managing agent of KPN.==

Moreover, our understanding of the Court's Scheduling Order is supported by its recent order in *Valeant Pharm. Int'l v. Actavis Labs. FL, Inc.*, 2019 WL 762664, at *1 (D. Del. Feb. 21, 2019). There, after directing that the Court's standard deposition location language applied, the Court further ordered that, "[f]or all other witnesses, depositions will take place at a location convenient for the deponent." That is precisely what we have offered to do here: make Ms. Janssen available for deposition where she lives.

Finally, we also disagree that *Aerocrine* supports your position. In particular, in *Aerocrine*, the Court clarified the language you quote by likewise explaining that "officers, directors, and managing agents of a plaintiff are expected to be deposed within the forum district in which the plaintiff has chosen to file suit." *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 112 (D. Del. 2010). Again, your position would nullify this careful limitation.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
1201 Third Ave | Suite 3800 | Seattle, Washington 98101
**HOUSTON  ●  LOS ANGELES  ●  SEATTLE  ●  NEW YORK**
**Susman Godfrey's 2018 Year in Review**

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Ou, Philip <philipou@paulhastings.com>
**Sent:** Tuesday, May 14, 2019 12:05 PM
**To:** Andres Healy <AHealy@susmangodfrey.com>; Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; John Shaw <jshaw@shawkeller.com>; Oros, Mary J. <maryoros@paulhastings.com>; Devendran, Radhesh <radheshdevendran@paulhastings.com>; Trevino, C. Daniel <cdanieltrevino@paulhastings.com>; Yen, Bruce <bruceyen@paulhastings.com>
**Cc:** Hunter Vance <HVance@susmangodfrey.com>; Joanna Stanley <jstanley@SusmanGodfrey.com>; Lexie White <lwhite@susmangodfrey.com>; Jenna Farleigh <JFarleigh@susmangodfrey.com>; John Shaw <jshaw@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: 3G Licensing, S.A. et al v. HTC Corporation, Case No. 1:17-cv-83 (Del)

Andres:

Following up on our call regarding the deposition of Ms. Janssen.

As discussed, our view of the language in the default Delaware order regarding location of witnesses is that a party bringing an action in Delaware (plaintiff or counterclaim defendant) should be required to produce its witnesses there.  This should extend to current employees, not just managers, officers or directors.  "'[T]he general rule requir[es] plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought.'" *Aerocrine*, 267 F.R.D. at 108 (quoting *S. Seas Catamaran, Inc. v. The Motor Vessel "Leeway"*, 120 F.R.D. 17 (D.N.J. 1988)).  Attached is the case I mentioned on our call.

If you have any authority that supports limiting the location rule to, e.g., just corporate representatives, please provide that support today and we will consider.  We also ask you to reconsider your position in view of the case attached, in addition to the relevant knowledge relating to KPN's case against HTC that we expect Ms. Janssen to have.  *See, e.g.*, Plaintiffs' ESI disclosures ("Ms. Janssen was involved in the licensing negotiations that took place between KPN and several Defendants, including the HTC and LG Defendants, and also may have information concerning the conception, reduction to practice, prosecution, licensing, ownership, and infringement of the asserted KPN patents.").

As we discussed, to the extent we are unable to reach agreement, Nate or John or will reach out to Brian/Michael tomorrow to check the box on a discovery letter.

Thanks,
Phil

---

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Monday, May 13, 2019 8:15 AM
**To:** Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; John Shaw <jshaw@shawkeller.com>; Oros, Mary J. <maryoros@paulhastings.com>; Ou, Philip <philipou@paulhastings.com>; Devendran, Radhesh <radheshdevendran@paulhastings.com>; Trevino, C. Daniel <cdanieltrevino@paulhastings.com>; Yen, Bruce <bruceyen@paulhastings.com>
**Cc:** Hunter Vance <HVance@susmangodfrey.com>; Joanna Stanley <jstanley@SusmanGodfrey.com>; Lexie White <lwhite@susmangodfrey.com>; Jenna Farleigh <JFarleigh@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Subject:** [EXT] FW: 3G Licensing, S.A. et al v. HTC Corporation, Case No. 1:17-cv-83 (Del)

Counsel,

<mark>To the extent you wish to depose Ms. Janssen, you will need to do so where she works/resides, which is in the Netherlands.</mark> With that understanding, please confirm that you still intend to proceed. Please also let us know whether your request remains to proceed in the Netherlands on May 24th.

Also, can you please clarify whether the notice was served on behalf of all defendants or just HTC?

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
1201 Third Ave | Suite 3800 | Seattle, Washington 98101
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**
**Susman Godfrey's 2018 Year in Review**

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Faasisila, Nikole <nikolefaasisila@paulhastings.com>
**Sent:** Friday, May 10, 2019 3:34 PM
**To:** Brian E. Farnan <bfarnan@farnanlaw.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Lexie White <lwhite@susmangodfrey.com>; Hunter Vance <HVance@susmangodfrey.com>; Jeff David <JDavid@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Cc:** 3G/KPN-HTC <3G_KPN-HTC@paulhastings.com>; John Shaw <jshaw@shawkeller.com>
**Subject:** 3G Licensing, S.A. et al v. HTC Corporation, Case No. 1:17-cv-83 (Del)

Counsel,

Attached for service please find:

HTC's Notice of Deposition of Ilse Janssen.

Regards,
Nikole

---



**Nikole Faasisila | Client Service Specialist**
Paul Hastings LLP | 1117 S. California Avenue, Palo Alto, CA 94304 | Direct: +1.650.320.1806 | Main: +1.650.320.1800 | Fax: +1.650.320.1906 | nikolefaasisila@paulhastings.com | www.paulhastings.com

**********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYER AG,
a corporation,

   Plaintiff,

  v.

SONY ELECTRONICS INC.,
a corporation,

   Defendant.

           C.A. 95-8-JJF

BAYER AG,
a corporation,

   Plaintiff,

  v.

SONY CORPORATION, INC.,
a corporation,

 and

DOWA MINING CO.,
a corporation,

   Defendants.

           C.A. 97-401-JJF

Rudolf E. Hutz, Esquire and R. Eric Hutz, Esquire of CONNOLLY, BOVE, LODGE & HUTZ, Wilmington, DE.
Attorneys for Plaintiff.

Douglas E. Whitney, Esquire, Mary B. Graham, Esquire and Lisa B. Baeurle, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, DE.
Attorneys for Defendants, Dowa Mining Co., Ltd., Sony Electronics, Inc., and Sony Corporation, Inc.

---

### MEMORANDUM OPINION

September 30, 1998
Wilmington, Delaware

*Joseph J Farnan Jr.*

FARNAN, Chief Judge

Presently before the Court are Plaintiff, Bayer AG's Motion for Consolidation (D.I. 166) and Defendant, Sony Electronics' Request for Costs Incurred in Traveling to Germany (D.I. 177). After review, the Court concludes that both Plaintiff's Motion for Consolidation and Defendant's Request for Costs should be granted.

## I.   Plaintiff's Motion for Consolidation under Fed. R. Civ. P. 42(a)

### A.   BACKGROUND

On January 9, 1995, Plaintiff Bayer AG ("Bayer") filed suit against Sony Electronics ("SEL") for infringement of United States Patent No. 4,290,799 ("'799") by reason of SEL's sale in the United States of recording media containing certain metal powders. Bayer AG v. Sony Electronics, C.A. No. 95-8-JJF. Discovery has not yet been completed in the SEL action, nor have close of discovery or trial dates been set. On July 8, 1997, Bayer filed suit against Sony Corporation, Inc. ("Sony") and Dowa Mining Co. ("Dowa"), also for infringement of the '799 patent, alleging: (i) that Sony actively induces SEL's direct infringement by supplying SEL with aforesaid recording media containing metal powders with full knowledge and the express purpose that SEL will sell such recording media in the United States, and (ii) Dowa actively induces SEL's direct infringement by selling metal powders to Sony with knowledge that Sony will incorporate the powders into recording media that will be sold in the United States by SEL. Bayer AG v. Sony Corporation, Inc. and Dowa Mining Co., C.A. No. 97-401-JJF. Because of the substantial overlap of factual and legal issues presented by the two cases, Bayer moves to consolidate the two actions under Fed. R. Civ. P. 42(a).

## B.   DISCUSSION

Federal Rule of Civil Procedure 42(a) gives a court broad power to consolidate actions involving common questions of law or fact if, in the discretion of the court, such consolidation would facilitate the administration of justice. Waste Distillation Technology, Inc. v. Pan American Resources, Inc., 775 F. Supp. 759, 761 (D. Del. 1991). The court must weigh the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions. Id. The proper administration of justice requires that issues be resolved without unnecessary cost or delay. Id.

The Court concludes that for the following reasons Plaintiff's Motion for Consolidation should be granted: (i) there is a commonality of issues and facts between the two actions; (ii) consolidation will result in a considerable savings of time and effort and thus will facilitate the administration of justice; and (iii) Defendants have not demonstrated that inconvenience, added expense, or prejudicial delay will result from consolidation of the actions.

The Court finds that it is likely that the two trials will involve the same factual setting, the same witnesses, documents and exhibits and the same legal issues. Plaintiff alleges that Dowa, a Japanese corporation, manufactures the accused metal powders in Japan and sells them to Sony, another Japanese corporation, for inclusion in recording media. Sony produces the media containing Dowa's powders and in turn supplies the recording media to SEL, a Delaware corporation. Plaintiff further alleges that Dowa and Sony produce and supply the accused products and/or elements of the products with knowledge that the recording media will be sold by SEL in the United States. The proofs of infringement will almost completely overlap for all three defendants. As Plaintiff asserts in its Memorandum in Support of its Motion for Consolidation (D.I. 167), if the products sold by SEL directly infringe the '799 patent, then Sony

and Dowa are guilty of actively inducing such infringement.

Additionally, the Court concludes that the administration of justice will be served by consolidation. The questions in both suits are highly technical and closely intertwined. "There is little logic in forcing the Court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions, in preparing for two separate trials." Rohm & Haas Co. v. Mobil Oil Corp., 525 F. Supp. 1298, 1310 (D. Del. 1989). Furthermore, there is a close interrelationship between the three Defendants. In addition to having a supplier-distributor relationship with Sony, SEL is a wholly-owned subsidiary of Sony. Also, Dowa has agreed to pay Sony's and SEL's attorney fees and to indemnify Sony and SEL for any liability of Sony or SEL for infringement of the '799 patent. These factors suggest that consolidation would not only result in less inconvenience and expense for Plaintiff, but also for Defendants.

The Court is unpersuaded by Defendants' argument that consolidation will prejudicially delay the trial in the SEL action. Discovery in the SEL case is ongoing, no close of discovery or trial date has been set, and the SEL case has only recently been assigned to this Court. Any delay in the SEL action is outweighed by the benefits of consolidation.

### C.   CONCLUSION

Accordingly, the Court will grant Plaintiff's Motion for Consolidation (D.I. 166).

An appropriate Order will be entered.

## II.   Defendant SEL's Request for Costs Incurred in Traveling to Germany

### A.   BACKGROUND

Defendant SEL requests costs incurred in traveling to Germany to take depositions of

Bayer's witnesses (four Bayer employees and a deposition of Bayer under Rule 30(b)(6)).  The

costs consist of SEL attorney and court reporter airfare, room and board and travel time,

shipment of exhibits and court reporting equipment, and rent of a deposition room.  Defendant

alleges that Bayer has refused to reimburse Defendant for such costs.

### B.   DISCUSSION

The general rule is that a plaintiff must produce its witnesses for depositions in the

district where the plaintiff instituted the action unless the plaintiff has shown financial hardship

or inability to attend the deposition in that district.  Mobil Oil Corp. v. Advanced Environ.

Recycling Tech., Inc., C.A. No. 92-351-JJF (March 30, 1995 Order).  From this general rule, it

follows that if the plaintiff chooses to hold depositions of its witnesses in a foreign jurisdiction

rather than produce them in the forum it selected, the plaintiff must pay the costs defendant

incurred in traveling to that foreign jurisdiction to conduct the depositions.

As this Court previously stated in the instant case, "if you choose a forum, you . . .

choose certain expenses." 2/13/97 transcript, p. 74.  Because Plaintiff chose to have Plaintiff's

witnesses deposed in Germany, Plaintiff must "pay for counsel from the United States to go over

to Germany and make available large segments of time for them to be able to complete the

deposition process." Id.  Thus, Plaintiff must pay the expenses Defendant SEL incurred in

traveling to Germany to take the depositions of Plaintiff's witnesses.

### C.   CONCLUSION

Accordingly, the Court will grant Defendant SEL's Request for Costs Incurred in Traveling to Germany (D.I. 177).

An appropriate Order will be entered.

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MOBIL OIL CORPORATION,               :
        Plaintiff,                   :
                                     :
        v.                           :        Civil Action No. 92-351-JJF
                                     :
ADVANCED ENVIRONMENTAL               :
RECYCLING TECHNOLOGIES, INC.,        :
        Defendant.                   :

ADVANCED ENVIRONMENTAL               :
RECYCLING TECHNOLOGIES, INC.,        :
        Counterclaim Plaintiff,      :
                                     :
        v.                           :
                                     :
MOBIL OIL CORPORATION, MOBIL         :
CORPORATION, MOBIL CHEMICAL          :
COMPANY, INC., ARTHUR C.             :
FERGUSON, and PAUL M. HERBST,        :
        Counterclaim Defendants.     :

## O R D E R

WHEREAS, on June 1, 1994, Plaintiff Mobil Oil Corporation ("Mobil") filed a Motion for Protective Order to preclude Defendant Advanced Environmental Recycling Technologies, Inc. ("AERT") from requiring Mobil's employees to travel to Wilmington, Delaware, to be deposed on issues relating to AERT's counterclaims (D.I. 444);

WHEREAS, Mobil argues that AERT should depose Mobil's witnesses in Washington, DC, or at the witnesses' workplace locations;

WHEREAS, Mobil argues that AERT's counterclaims are the only remaining claims in this case and, therefore, Mobil should be considered the defendant, thus triggering AERT's obligation to

depose Mobil's witnesses in Washington, DC, or at the witnesses' workplace locations;

WHEREAS, Mobil argues that principles of fairness and equity dictate that AERT should depose Mobil's witnesses in Washington, DC, or at their workplace locations because in the initial phase of this case, Mobil brought its witnesses to Wilmington, Delaware, for deposition by AERT;

WHEREAS, AERT opposes Mobil's Motion for a Protective Order and argues that it is a frivolous claim for which an award of reasonable costs should be granted to AERT (D.I. 455);

WHEREAS, AERT argues that the Court's September 22, 1993 Opinion and Order requiring a deposition of a Mobil employee in Wilmington, Delaware, is applicable to this Motion;

WHEREAS, AERT argues that Mobil, as the plaintiff, chose the forum in which to pursue its claims and, therefore, cannot argue that, as the counterclaim defendant, it is inconvenient to depose witnesses in Wilmington, Delaware;

WHEREAS, pursuant to Federal Rule of Civil Procedure 26 (c), the Court for "good cause shown" has the discretion in discovery matters to "make any order which justice requires to protect a party or person . . ." including designation of the time and place of a deposition;

WHEREAS, the Court finds pursuant to South Seas Catamarans, Inc. v. Motor Vessel LEEWAY, 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993), that Mobil must produce its witnesses for depositions in the district where Mobil

instituted the action unless Mobil has shown financial hardship or inability to attend the deposition in that district;

WHEREAS, the Court finds that Mobil initiated this action in the District of Delaware;

WHEREAS, the Court finds that Mobil's argument regarding Mobil's new role as counterclaim defendant has not demonstrated "good cause" as required by Federal Rule of Civil Procedure 26(c);

WHEREAS, the Court finds, pursuant to <u>South Seas Catamarans</u>, 120 F.R.D. at 21, that Mobil has not otherwise demonstrated financial hardship or inability to attend depositions in Wilmington, Delaware;

NOW THEREFORE, IT IS HEREBY ORDERED this $\underline{30}$ day of March, 1995, that:

1.   Mobil's Motion for a Protective Order (D.I. 444) is DENIED.

2.   AERT's request for reasonable costs is DENIED.

UNITED STATES DISTRICT JUDGE

# EXHIBIT 9

REDACTED IN ITS ENTIRETY

# EXHIBIT 10

REDACTED IN ITS ENTIRETY

# EXHIBIT 11

ORAL ORDER: Having considered the parties' letters and related materials (see D.I. 224, 227), IT IS HEREBY ORDERED that Plaintiff's request that Fresenius produce its witnesses, Ms. Aggarwal and Mr. Singh, for deposition in the United States is GRANTED, subject to the conditions noted below. Fresenius may, alternatively, make these witnesses available for deposition in India, but if Fresenius does so then Fresenius will be required to pay half (50%) of Plaintiffs reasonable travel-related expenses incurred in connection with the depositions the Court is hereby ordering. This resolution is reasonable and appropriate considering the totality of circumstances giving rise to the parties disputes. In reaching this decision, the Court, like the parties, has "tak[en] into account convenience for the deponent[s]" (D.I. 21 at 8), but finds that other considerations are at least equally important here. Fresenius initially offered to make these witnesses available for deposition in the United States and waited until the very end of the discovery period before changing its position. (See D.I. 224 Ex. 1 at 19 of 80) Plaintiff's discovery requests are proportional to the needs of the case, for reasons including that Fresnius has not stipulated to infringement and Plaintiff will need to prove infringement by a preponderance of evidence. Further, the Court has already granted Plaintiff's request for discovery regarding alternative formulations (see D.I. 201), and the Aggarwal deposition proceeded in the U.S. at a time at which Fresenius was aware of a pending discovery dispute (see D.I. 224 at 2). Plaintiffs request that Fresenius pay Plaintiffs costs and fees associated with the discovery dispute is DENIED. IT IS FURTHER ORDERED that the teleconference scheduled for tomorrow, June 15, is CANCELLED. ORDERED by Judge Leonard P. Stark on 6/14/18. (ntl) (Entered: 06/14/2018)

As of June 15, 2018, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Onyx Therapeutics, Inc. v. Cipla Limited et al*
1-16-cv-00988 (DED), 6/14/2018, docket entry 229