

July 19, 2019

**Via E-Filing**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

Re:     **3G Licensing, S.A., et al. v. HTC Corporation, C.A. No. 17-cv-83-LPS**

Dear Chief Judge Stark:

Plaintiffs 3G Licensing, S.A., Koninklijke KPN N.V., and Orange S.A. (collectively, "Plaintiffs") respectfully file this letter responding to HTC Corporation's ("HTC") July 17, 2019 letter (D.I. 308).  Plaintiffs ask the Court to deny both of HTC's requests.

**A.  The Court Should Deny HTC's Request with Respect to Ilse Janssen.**

HTC's position with respect to Ms. Janssen boils down to the argument that a plaintiff is required to bring any employee a defendant wishes to the United States for deposition, without regard for whether the witness is an officer, director, or managing agent.  *See* D.I. 308 at 2.  This Court has made clear that that is not the rule.

To the contrary, consistent with its broad discretion, this Court has ordered *in this case* that only *certain* employees must be presented for deposition in this District.  Scheduling Order (D.I. 40).  Specifically, the Court ordered that only an "officer, director, or managing agent" must be presented for deposition in this District:

> v. Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

D.I. 40 at 11; *accord Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (explaining there is a "'general presumption' that the 'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business'" (quoting 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2112 (2d ed.1994)).

Indeed, in addressing this exact issue in another case, this Court held that its "Location of Depositions" provision did *not* require that all witnesses be made available in the United States. *Valeant Pharm. Int'l v. Actavis Labs. FL, Inc.*, CV 18-1288-LPS, 2019 WL 762664, at *1 (D. Del. Feb. 21, 2019) (emphasis added).  Rather, the Court explained that, "[*f*]*or all other witnesses*, depositions will take place at a location convenient for the deponent" such that, "[*f*]*or deponents who do not reside in the United States*, the party producing the witness for deposition will do so in accordance with applicable law without the party insisting on compulsory process." *Id*. (emphases added).  To hold as HTC urges would nullify this Court's careful limitation.

Further, there is a reason HTC resorts to ellipsing away the Court's "officer, director, or managing agent" limitation in HTC's quotation of the Court's Order.  D.I. 308 at 2.  *Because Ms. Janssen is none of those things*.  She is not being presented as a Rule 30(b)(6) witness and is not an officer, director, or managing agent for any Plaintiff.  She simply is ███████████

███████████████████████   Ex. 1 (KPN Rule 30(b)(6) Day 2 Depo. Tr.) at 458:24–459:10; *see also* Ex. 2 (KPN Rule 30(b)(6) Day 1 Depo. Tr.) at 164:4–6.  As HTC admits, she is not even an employee who Plaintiffs intend to bring to trial.  D.I. 308 at 2.

Further, any attempt to suggest that Plaintiffs have not already provided HTC with every opportunity to obtain the discovery it now claims to seek (emails written by Ilse Janssen) is flatly contradicted by the record in this case.  Plaintiffs have made five different foreign witnesses available in the United States to testify over the course of eight full days—days during which HTC *could* have asked about such information.

Indeed, KPN's Rule 30(b)(6) witness was prepared to testify about such topics.  In fact, during one day of the KPN Rule 30(b)(6) deposition, one of HTC's co-defendants *did* ask questions about emails written by Ms. Janssen.  *See, e.g.*, Ex. 2 (KPN Rule 30(b)(6) Day 1 Depo. Tr.) at 163:25–166:24.  Rather than do the same, ***HTC chose to end the KPN deposition early because its counsel wanted to catch a late afternoon flight***.  Only a few hours later, HTC served its deposition notice on Ms. Janssen, demanding that she not only be made available for deposition, but that she fly from the Netherlands to California for HTC's convenience.

Finally, and to be clear, Plaintiffs have not objected to a deposition of Ms. Janssen.  To the contrary, Plaintiffs have attempted to work with HTC to make her available, including by offering to make her available in the Netherlands, where she lives and works.  (HTC simply ignores here that the primary burden at issue is the disruption to Ms. Janssen's life).  KPN also was and is willing to find other reasonable solutions, such as a deposition by video or by telephone—methods both parties have used in this case.  Plaintiffs also offered to *ask* Ms. Janssen if she would be able to come to the United States if HTC paid for her travel—*the same condition that HTC insisted on for its own foreign witnesses*.  HTC rejected all such offers.

In sum, at HTC's request, Plaintiffs bent over backwards to make requested foreign witness available in the United States.  As Ms. Janssen falls outside the rule, however, Plaintiffs have sought to reach a compromise to avoid unduly burdening her.  Rather than engage in that process, HTC flatly insisted that Plaintiffs were obligated to bring any employee they wanted to the United States.  That is not the law.  The Court should deny HTC's request.

### B.  The Court Should Deny HTC's Request with Respect to Third Party Roy Chen.

HTC also asks the Court to compel Plaintiffs to make Mr. Chen travel from his home in Hong Kong to be deposed in the United States even though HTC admits that Mr. Chen's employer—Sisvel Hong Kong—is not a party to this case.  *See* D.I. 308 at 3 ("HTC acknowledges the corporate separateness between Plaintiff 3GL and other Sisvel entities …."); Ex. 3 (David Muus Day 3 Depo. Tr.) at 1090:9–11 ███████████████████████████████████████████

Despite this reality, HTC premises its argument largely on the mistaken notion that Plaintiffs somehow control Mr. Chen.  Not so.  As Plaintiffs repeatedly have told HTC, *they have no ability to require Mr. Chen to do anything*.  Ex. 4 (Healy May 3 Email).  He is a third party.

Further, even if Plaintiffs did have such control (they do not), there is a reason HTC cites no case law to support its argument.  *See* D.I. 308 at 3.  Courts have rejected the argument that a party must produce fact witnesses from an affiliated foreign company, *even when the party does control the foreign affiliate*.  For example, in *Ethypharm S.A. France v. Abbott Labs.*, Ethypharm sought to depose a foreign witness who was employed by Abbott's wholly owned subsidiary,

Fournier.  271 F.R.D. 82, 85, 91 & n.25 (D. Del. 2010).  Ethypharm argued that because Abbott controlled Fournier, it was entitled to depose Fournier's foreign employees under Rule 30.  *Id.* at 88.  The court agreed that Abbott controlled Fournier, yet still denied Ethypharm's motion, holding that "there is no textual basis in the federal rules for Ethypharm's argument that the 'control' test is applicable to the court's consideration regarding its request to depose individual witnesses pursuant to Fed. R. Civ. P. 30."  *Id.* at 90, 92, 96.

Other courts have reached similar results.  *See, e.g., In re: Benicar (Olmesartan) Products Liab. Litig.*, 15-2606 (RBK/JS), 2016 WL 5817262, at *3–5 (D.N.J. Oct. 4, 2016) (denying motion to compel depositions of "affiliated non-party foreign witnesses" and holding that such depositions must proceed under the Hague Convention); *Newmarkets Partners, LLC v. Oppenheim*, 08 CIV. 04213 WHPTHK, 2009 WL 1447504, at *1 & n.1 (S.D.N.Y. May 22, 2009) (same); *In re Ski Train Fire of November 11, 2000 Kaprun Austria*, MDL 1428(SAS)THK, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006) (denying motion to compel depositions of employees of wholly owned foreign subsidiary and holding that "[u]nlike the language of Rule 34, Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control").

And, to be clear, HTC's attempt to argue that Plaintiffs must have the ability to make Mr. Chen available because they voluntarily made Mr. Muus available for deposition in the United States is a non-sequitur.  As an initial matter, HTC's representation that,

In short, HTC's argument reduces to asking this Court to punish Plaintiffs for being agreeable and asking a witness to voluntarily appear for deposition in the United States.  Indeed, HTC's argument is refuted by the fact that *HTC also had a non-party witness testify on its behalf as a Rule 30(b)(6) witness in this case*, yet has taken the position that this does not mean that HTC Corporation directs or controls that third party.

Moreover, as with Ms. Janssen, this is not a case where Plaintiffs have refused to assist HTC in obtaining the information it seeks.  Not only did 3G Licensing provide a witness in the United States to testify for three full days, but Plaintiffs ████████████████████████████████  *See, e.g.*, Ex. 3 (David Muus Day 3 Depo. Tr.) at 1113:9–1119:1.  Further, even with respect to Mr. Chen, Plaintiffs offered to attempt to contact him to see if he would agree to be deposed voluntarily either in Hong Kong or the United States if HTC would pay his travel costs.  *See* Ex. 4 (Healy May 3 Email).  HTC told Plaintiffs it was not interested in either proposal and that there was no need for Plaintiffs to even attempt to reach out to him to see what his answer was.[1]

---

[1] It is unclear why HTC refers to Mr. Pierpaolo Carrubba and Mr. Marcello Dini given that— because of their respective roles with 3G Licensing—Plaintiffs are presenting them for deposition in the United States next week.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)