## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., <br><br>  Plaintiffs, <br><br> v. <br><br> HTC CORPORATION, <br><br>  Defendant. | C.A. No. 17-cv-83-LPS <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL** |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., <br><br>  Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS INC., and LG ELECTRONICS, U.S.A., INC., <br><br>  Defendants. | C.A. No. 17-cv-85-LPS <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL** |

### PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE IN PART THE EXPERT REPORTS OF KEVIN JEFFAY AND TIMOTHY S. SIMCOE

Dated: February 19, 2021

Lexie G. White (admitted *pro hac vice*)
Hunter A. Vance (admitted *pro hac vice*)
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
hvance@susmangodfrey.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 1

THE FACTS ............................................................................................................................ 1

STANDARD FOR EXPERT TESTIMONY ADMISSIBILITY ................................................. 2

ARGUMENT ........................................................................................................................... 2

I.  The Court Should Exclude Dr. Jeffay's Improper Claim Construction Opinions. ............................................................................................................ 2

   A.  The Court Should Exclude Dr. Jeffay's ▮▮▮▮▮▮▮▮▮▮. ........................ 2

   B.  The Court Should Exclude Dr. Jeffay's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. .............. 4

II. The Court Should Exclude Professor Simcoe's Improper Opinions Regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮ ............................................................................................ 5

   A.  The Court Should Exclude Professor Simcoe's ▮▮▮▮▮▮▮▮▮ Opinions Because They Are Improper Legal Conclusions. ........................ 5

   B.  The Court Should Exclude Professor Simcoe's ▮▮▮▮▮▮▮▮▮ Opinions Because They Are Inconsistent with This Court's Orders. ........... 7

CONCLUSION ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Align Tech., Inc. v. 3Shape A/S*,
   2020 WL 4926164 (D. Del. Aug. 14, 2020) ...................................................................2, 4, 5

*Dow Chem. Canada Inc. v. HRD Corp.*,
   656 F. Supp. 2d 427 (D. Del. 2009) .............................................................................................6

*In re Downey Fin. Corp.*,
   593 Fed. App'x. 123 (3d Cir. 2015) ............................................................................................6

*Elcock v. Kmart Corp.*,
   233 F.3d 734 (3d Cir. 2000) .......................................................................................................2

*Greatbatch Ltd. v. AVX Corp.*,
   2017 WL 3176179 (D. Del. July 20, 2017) ................................................................................6

*Koninklijke KPN N.V. v. Samsung Elecs. Co., Ltd.*,
   2016 WL 2610649 (E.D. Tex. May 6, 2016) .............................................................................5

*Microsoft Corp. v. Motorola, Inc.*,
   2013 WL 4008822 (W.D. Wash. Aug. 5, 2013) ........................................................................6

*Penn Mut. Life Ins. Co. v. Norma Espinosa*
   *2007-1 Ins. Tr.*, 70 F. Supp. 3d 628 (D. Del. 2014) ...............................................................1, 5

*Personalized User Model, L.L.P. v. Google Inc.*,
   2014 WL 807736 (D. Del. Feb. 27, 2014) ..............................................................................1, 2

*Plastic Omnium Advanced Innovation & Research v. Donghee Am., Inc.*,
   2018 WL 2316637 (D. Del. May 22, 2018) ...............................................................................2

*Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*,
   623 F. Supp. 2d 518 (D. Del. 2009) ............................................................................................5

*Withrow v. Spears*,
   967 F. Supp. 2d 982 (D. Del. 2013) ...........................................................................................5

**Other Authorities**

Federal Rule of Evidence 702 ..........................................................................................................2, 7

Plaintiffs Koninklijke KPN N.V, 3G Licensing, S.A., and Orange, S.A move to exclude portions of the expert reports served by Defendants HTC Corporation ("HTC"); and LG Electronics Inc., and LG Electronics, U.S.A., Inc. (together "LGE").

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs describe the nature and stage of the proceedings in their concurrently filed Motion for Partial Summary Judgment.

## SUMMARY OF ARGUMENT

The Court should exclude the identified opinions for the following reasons:

*First*, this Court has held that expert testimony that is inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact. *E.g.*, *Personalized User Model, L.L.P. v. Google Inc.*, 2014 WL 807736, at *1 (D. Del. Feb. 27, 2014) (Stark, J.). Nonetheless, Dr. Jeffay offers various claim construction opinions—████████████████████—that are flatly inconsistent with this Court's constructions, or that seek to improperly narrow this Court's constructions. The Court should exclude those opinions.

*Second*, Professor Simcoe offers various opinions regarding ████████████████████ Professor Simcoe then opines about ████████████████████ This Court should exclude Professor Simcoe's opinions because (1) they are "improper legal opinion[s]," *e.g.*, *Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Tr.*, 70 F. Supp. 3d 628, 635 (D. Del. 2014) (Stark, J.) (striking expert report offering "improper legal opinion"), and (2) they are inconsistent with this Court's repeated orders regarding essentiality.

## THE FACTS

Defendants have collectively served a total of 16 reports from seven different experts in these matters. As relevant to this motion, Dr. Kevin Jeffay offers various claim construction

1

arguments and opinions in support of his non-infringement and invalidity positions that are flatly inconsistent with the Court's claim constructions. Professor Timothy Simcoe offers opinions regarding ███████████████████████████████████████████████████████ ████████████████

### STANDARD FOR EXPERT TESTIMONY ADMISSIBILITY

Under Federal Rule of Evidence 702, expert testimony is admissible only if (1) "the testimony is based on sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case." Rule 702 thus creates "a gatekeeping role for the [trial] judge" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Plastic Omnium Advanced Innovation & Research v. Donghee Am., Inc.*, C.A. 16-187-LPS, 2018 WL 2316637, at *1 (D. Del. May 22, 2018) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)); *see also Elcock v. Kmart Corp.*, 233 F.3d 734, 741–46 (3d Cir. 2000).

### ARGUMENT

**I. The Court Should Exclude Dr. Jeffay's Improper Claim Construction Opinions.**

As this Court has explained, "expert testimony inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact" and thus should be excluded. *Personalized User Model*, 2014 WL 807736, at *1 (Stark, J.). The Court has applied this same principle to exclude expert opinions that seek to "narrow[] the Court's construction. *Align Tech., Inc. v. 3Shape A/S*, 2020 WL 4926164, at *7 (D. Del. Aug. 14, 2020) (Stark, J.). Dr. Jeffay's opinions fails both tests.

**A. The Court Should Exclude Dr. Jeffay's ████████████████████████████**

Dr. Jeffay first recycles an argument that Defendants raised—and lost—at *Markman*: opining that ███████████████████████████████████████████████████████

2

███████████████████████████████████████ Ex. 33 (Jeffay Rebuttal)[1] at ¶ 64 ██████

████████████████████████████████████████████████████████████████ ¶ 185 ████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████

As Plaintiffs explained at *Markman*, the term is not so limited. The specification discloses that "check data" can be used to detect errors. *E.g.*, Ex. 3 ('662 Patent) at 6:30–35 (explaining that "erroneous data which are not recognized as such by conventional means, can *also* be detected by the method according to the invention"). However, it also discloses that the data can be used to "correct" errors—describing an example of such correction at 6:36–57.

The file history demonstrates the same understanding. During prosecution, the Examiner repeatedly pointed to "error correction" as a non-limiting example of "error checking." Ex. 34 ('662 File History) at -289 ("Berlekamp teaches the invention substantially as claimed, including a system *for error correction* …."); *id*. at -187 ("Silvano teaches the invention substantially as claimed, including … an error correction apparatus for producing *error correction* code …."). 

More importantly, **the Court agreed with Plaintiffs' construction**. It construed "check data" to mean "supplementary data for use in *checking* for transmission errors"—rejecting Defendants' narrower "detection" construction. Ex. 35 (Markman Opinion) at 7. For all of these reasons, the Court should exclude Dr. Jeffay's "detection" opinion and all opinions dependent on it. *Align*, 2020 WL 4926164, at *7–8 (Stark, J.) (striking opinions that were "contrary to the Court's construction" or sought to "improperly narrow[] the Court's construction").

---

[1] For the Court's convenience, Plaintiffs continue the exhibit numbering from their concurrently filed Motion for Partial Summary Judgment.

Unless otherwise noted, all emphasis in this brief has been added.

3

B.  **The Court Should Exclude Dr. Jeffay's** ███████████████████
████████

The Court also should reject Defendants' attempt to ████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *E.g.*, Ex. 33 (Jeffay

Rebuttal) at ¶ 225. In support, **Dr. Jeffay** ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 33 (Jeffay Rebuttal)

at ¶ 224 (emphasis in original) ████████████████████████ *cf.* Ex. 36 (Joint

Markman Brief) at 32 (pointing to same portions of specification in support for Defendants'

"successive data blocks" limitation).

Notably, Defendants previously pointed to this identical language as demonstrating that

"the patent's statements describing modifying a permutation 'every n bits, where n is ≥ 1' … and

modifying the permutation 'on the basis of one or more parameters of the data packet'" did not

describe "modifying a permutation 'in time.'" Ex. 36 (Joint Markman Brief) at 32–33. ***The Court

disagreed with Defendants' argument***. The Court explained instead that "the Court agrees with

Plaintiffs that their proposed [time-to-time] construction is supported by the specification language

that the permutation (1) can 'be varied every n bits, where n is ≥ 1' and (2) 'can be varied on the

basis of one or more parameters of the data packet' to 'accomplish a varying, i.e., time-dependent

checking function.'" Ex. 35 (Markman Opinion) at 9.

Further, this Court is not the only court to have reached this conclusion. As the parties

noted in their claim construction brief, the United States District Court for the Eastern District of

Texas similarly rejected the argument that the "modify the permutation in time" term requires a

4

<mark>Case 1:17-cv-00083-GBW   Document 542   Filed 02/26/21   Page 8 of 12 PageID #: 31591</mark>

device to "change the permutation as a function of time." *Koninklijke KPN N.V. v. Samsung Elecs. Co., Ltd.*, 2016 WL 2610649, at *16 (E.D. Tex. May 6, 2016).

Simply put, this Court already has held that varying the permutation on the basis of the data satisfies the Claim 2 limitation. That is the end of the matter. *Align*, 2020 WL 4926164, at *7–8 (Stark, J.). Defendants cannot have their expert now offer a contrary opinion.

**II. The Court Should Exclude Professor Simcoe's Improper Opinions Regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**

Professor Simcoe (LGE's expert) offers opinions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 9 (Simcoe Report) at ¶ 8–10. The Court should exclude Professor Simcoe's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for at least two reasons. First, "[t]he Federal Rules do not permit experts to testify as to legal conclusions," such as what obligations exist under a contract. *Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009). Second, Professor Simcoe's opinions are inconsistent with this Court's repeated orders holding that a defendant bears the burden to prove essentiality.

**A. The Court Should Exclude Professor Simcoe's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opinions Because They Are Improper Legal Conclusions.**

"It is well-established that experts may not testify as to what the law requires or testify as to the governing law." *Withrow v. Spears*, 967 F. Supp. 2d 982, 999 (D. Del. 2013). Indeed, this Court has repeatedly struck expert opinions that violate that well-settled rule. *E.g.*, *Penn Mut. Life.*, 70 F. Supp. 3d at 635 (Stark, J.) (striking an expert report that offered "improper legal opinion"); *Greatbatch Ltd. v. AVX Corp.*, C.A. 13-723-LPS, 2017 WL 3176179, at *2 (D. Del. July 20, 2017) (striking expert opinions as "improper legal conclusions").

Nor may an expert opine on the construction of a contract. *See In re Downey Fin. Corp.*, 593 Fed. App'x. 123, 126 n.3 (3d Cir. 2015) (holding that expert declaration was "inadmissible

5

because contract interpretation is a legal question for which the court does not require expert opinion"); *Dow Chem. Canada Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009) (holding that "expert testimony as to legal duties, standards or ramifications arising from a contract" is "firmly prohibit[ed]" and striking such testimony (citation omitted)). In fact, courts have specifically held that "there is little question that **statements by an expert witness as to the circumstances under which a patent holder fulfills its RAND obligation is beyond the scope of permissible expert testimony**." *Microsoft Corp. v. Motorola, Inc.*, C10-1823JLR, 2013 WL 4008822, at *14 (W.D. Wash. Aug. 5, 2013).

Despite these prohibitions, Professor Simcoe offers unvarnished legal opinions regarding ███ Ex. 9 (Simcoe Report) at ¶ 10; *see also id.* at ¶ 67 ███ Applying his preferred interpretation of the ███ *Id.* at ¶ 75 (emphasis added); *see also* ¶ 66 n.64 ███

Put simply, Professor Simcoe's normative, legal opinions about ███ are improper, irrelevant, and unhelpful to the jury under Rule 702. This Court should exclude his opinions on that ground alone.

6

**B. The Court Should Exclude Professor Simcoe's ▮▮▮▮▮ Opinions Because They Are Inconsistent with This Court's Orders.**

This Court also should exclude Professor Simcoe's opinions because they are inconsistent with this Court's orders regarding essentiality.

Specifically, this Court already has held that LGE "undisputedly" bears the burden to prove essentiality if it wants to assert that FRAND is a limitation on damages. Ex. 10 (Hearing Tr.) at 29:25–30:5. This Court also has held that whether the '662 Patent is standard essential is a "threshold" question underpinning whether KPN had FRAND obligations under the ETSI Declaration. Ex. 11 (Sierra MSJ Opinion) at 4–5. And this Court has held that "essentiality depends on objective findings, i.e., whether practicing the relevant standard *in fact* infringes the asserted patents and whether non-infringing alternatives *in fact* exist." Ex. 12 (MSJ Opinion) at 7 (emphases in original).

LGE knows all of this. Yet under the guise of Professor Simcoe's "expert" opinion, LGE nonetheless seeks to argue the exact opposite to the jury: (1) ▮▮▮▮▮▮▮▮▮▮ (*e.g.*, Ex. 9 (Simcoe Report) at ¶¶ 26, 49, 66–67, 78), (2) ▮▮▮▮▮▮▮▮▮▮ (*e.g.*, *id.* at ¶¶ 67–74, 78), and (3) ▮▮▮▮▮▮▮▮▮▮ (*e.g.*, *id.* at ¶¶ 10, 67).

Indeed, Professor Simcoe's words speak for themselves. As he explains in his report, he intends to tell the jury that ▮▮▮▮▮▮▮▮▮▮ *Id.* at ¶ 77. He also intends to tell the jury that, ▮▮▮▮▮▮▮▮▮▮ *Id.* at ¶ 10.

7

In short, LGE intends to take the remarkable position ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

      LGE's position is legally baseless, and KPN addresses it further in KPN's motion for summary judgment. But for purposes of this motion, this Court should exclude Professor Simcoe's opinions regarding ████████████████

## CONCLUSION

      For the above reasons, Plaintiffs ask the Court to exclude the identified testimony of Dr. Jeffay and Professor Simcoe.

Dated: February 19, 2021  Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:

Lexie G. White (admitted *pro hac vice*)
Hunter A. Vance (admitted *pro hac vice*)
SUSMAN GODFREY, L.L.P. 1000
Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
hvance@susmangodfrey.com


Andres C. Healy (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 505-3843
Facsimile: (206) 516-3883
ahealy@susmangodfrey.com

*Attorneys for Plaintiffs*