IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A, <br><br> Plaintiffs, <br><br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **Redacted - Public Version** <br><br> C.A. No. 17-083-LPS |

## LETTER TO THE HONORABLE LEONARD P. STARK FROM JOHN W. SHAW

OF COUNSEL:
Yar R. Chaikovsky
Philip Ou
Bruce Yen
Radhesh Devendran
Alexander H. Lee
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1832

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant HTC Corporation*

Dated: February 14, 2022



John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

February 11, 2022

**BY CM/ECF & HAND DELIVERY**

**Redacted - Public Version**

The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    *3G Licensing, S.A., et al. v. HTC Corp.*, C.A. No. 17-83-LPS

Dear Judge Stark:

    I write on behalf of HTC Corporation ("HTC") to respond to Plaintiffs' Notice of Supplemental Authority (D.I. 609). The Notice contains argument in violation of L.R. 7.1.2(b), and should be stricken. Otherwise, HTC requests the Court consider the following rebuttal.

    *Apple v. Wi-LAN* is inapposite. The dispute there was whether the accused products contained a "subscriber unit," construed as "a module that . . . allocates bandwidth across its user connections." Ex. A at 13. Apple argued the "user connections" do not exist until the phone is connected to a network. *Id*. at 14. Wi-LAN, however, argued the connections were the "physical I2S bus" and "physical PCIE bus" within the device. *Id*. "Apple admit[ted] that the relevant users are the iPhone applications, which run on the applications processor" in the device. *Id*. at 15. That the phone had to receive parameters to establish a different connection was therefore irrelevant to what was found to infringe: the physical buses in the device connecting the baseband processor to the applications processor. All of the claimed "user connections" were physically in the accused device, and therefore there was substantial evidence to support the jury verdict of infringement.

    The situation here is completely different. Claim 2 recites "the varying device is further ***configured to*** modify the permutation in time." KPN's contends the accused products are "able to apply more than one permutation." D.I. 592 (HTC Hr'g Slides) at slide 22-24; D.I. 593 (Hr'g Tr.) at 8:15-11:25, 25:16-22. This *capability* is not disputed, but it does not amount to the claimed ***configuration***. It is undisputedly ***necessary*** for the accused products to receive interleaver configuration parameters from the network in order to calculate and perform a permutation as claimed. D.I. 592 at slide 17-18, 21, 25-26; D.I. 593 at 12:1-15:4, 25:23-26:13. It is software on the network, not the accused products, that determines whether and when the claimed function of modifying the permutation in time is performed by changing the parameters such as the number of bits. D.I. 592 at slide 19, 31-33; D.I. 593 at 23:15-25:14, 50:1-56:8. KPN's own quote from Dr. Madisetti expressly states an accused product is only "configured . . . such that it is ***able*** to modify the permutation it applies from time to time," *i.e.*, capability, and Dr. Madisetti otherwise agreed the products are only actually configured to perform the claimed function (not just configured to be ***capable*** of doing so) "***when*** the network or number of bits change" as per the network configuration parameters." D.I. 592 at slides 20, 22-24. *Apple* is not a departure from the law that a device must be programmed with all code and parameters necessary to perform the claimed function for it to be "configured to" perform that function. D.I. 592 at slide 4-15, 28-30; D.I. 593 at 15:5-23:14, 39:21-41:12. In *Apple*, the network parameters were unnecessary where

SHAW KELLER LLP
Page 2

physical buses alone formed the claimed "user connections." Here, they undisputedly are necessary for the code to perform the claimed function. As KPN agreed at the hearing, there are no factual disputes and this issue should be decided by the Court, not a jury. D.I. 593 at 57:9-58:24. The Court should grant HTC's motion.

                                                      Respectfully submitted,

                                                      */s/ John W. Shaw*

                                                      John W. Shaw (No. 3362)

cc:    Clerk of the Court (by CM/ECF & hand delivery)
        All counsel of record (by CM/ECF & e-mail)