IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

3G LICENSING, S.A.,
KONINKLIJKE KPN N.V., and
ORANGE, S.A.,

Plaintiffs,

v.

HTC CORPORATION,

Defendant.

C. A. No. 17-cv-83-GBW

## ORDER

Having reviewed the proposed joint pretrial order (D.I. 686) submitted by Plaintiffs 3G Licensing, S.A., and Orange, S.A. (collectively, "Plaintiffs") and Defendant HTC Corporation ("HTC") regarding the jury trial scheduled to begin on October 10, 2023, **IT IS HEREBY ORDERED** that:

1. With respect to Plaintiffs' motion *in limine* number 1, Plaintiffs request that the Court preclude HTC from arguing that Plaintiffs' damages are limited under § 287 because of unmarked Apple products. D.I. 686, Ex. 13(a) at 1. Plaintiffs' motion *in limine* number 1 is **GRANTED**. HTC is precluded from arguing that Plaintiffs' damages are limited under § 287 and is precluded from entering into evidence any Apple products for the purpose of proving that the products are unmarked. The Court ruled on the admissibility of this evidence when the Court considered HTC's motion for summary judgment of no pre-suit damages. *See* D.I. 486 at 17-18. The Court stated that "[w]hile defendants identify several Apple products they contend were unmarked, they do not challenge Plaintiffs' contention that Defendants did not identify any specific products until after fact discovery closed. The Court is not going to permit this untimely-produced evidence to be admitted, so Defendants cannot be granted summary judgment of no pre-suit damages on this basis." *Id.* The Court

1

also found that HTC "did not respond to interrogatories seeking identification of any unmarked patent articles and did not identify such products until they filed their noninfringement expert's rebuttal report." *Id.* Accordingly, the evidence that HTC seeks to admit is inadmissible under both *Pennypack* and the specifically-applicable *Arctic Cat* framework, which required HTC to present specific products it believed were not marked before the close of fact discovery. *Id.*; *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

2. With respect to Plaintiffs' motion *in limine* number 2, Plaintiffs request that the Court exclude eight new website printouts included on HTC's amended exhibit list. D.I. 686, Ex. 13(b) at 1. Plaintiffs' motion *in limine* number 2 **is GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants may not admit the website printouts into evidence or as exhibits at trial. However, subject to any other objections which may be raised at trial, HTC's expert witnesses may refer to or rely on the documents in support of HTC's non-infringement position without disclosing the documents to the jury.[1] Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1)(C) further provides that the Court may "impose other appropriate sanctions" when a party fails to provide information as required by Rule 26(a) or (e). The Court finds that HTC's failure to produce these documents was not "substantially justified or harmless." *See id.* The Court is concerned that the prejudice to Plaintiffs of this late

---

[1] Plaintiffs may admit the website printouts into evidence or may open the door for their admission into evidence at a later time during the trial.

2

disclosure cannot be remedied. Further, the Court has previously admonished HTC for previous belated disclosures and has recognized HTC's "willingness to flout the discovery rules." D.I. 486 at 3-4. However, the Court finds total exclusion too harsh a remedy considering that these documents were public and identified in Dr. Jeffay's report such that Plaintiffs could have sought to reopen discovery on these documents. D.I. 686, Ex. 13(b.1) at 2-3.

3. With respect to Plaintiffs' motion *in limine* number 3, Plaintiffs request that the Court bar HTC from raising improper claim construction arguments to the jury. *Id.*, Ex. 13(c) at 1. Specifically, Plaintiffs request the Court preclude HTC from arguing that Plaintiffs made various disclaimers based on two patent owner preliminary responses. *Id.* Plaintiff's motion *in limine* number 3 is **DENIED AS PREMATURE**. The Court, at this juncture, need not determine whether either party has contradicted the claim construction. However, the Court instructs that both sides are precluded from presenting evidence and arguments inconsistent with this Court's claim construction. *See Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019) (granting motion *in limine* "to exclude fact witness testimony inconsistent with the Court's constructions"). At trial, the parties shall make timely objections if either party provides evidence or arguments that are contrary to this Court's claim construction. At that time, the Court will determine whether to overrule or sustain the objection.

4. With respect to Defendant's motion *in limine* number 1, HTC requests the Court to deny Plaintiffs' motion *in limine* number 1. D.I. 686, Ex. 14(a) at 1. Alternatively, HTC requests the Court to exclude five licenses between Blackberry and various third-parties produced

3

by Plaintiffs after the close of fact discovery. *Id.* Defendant's motion *in limine* number 1 is **DENIED**. The Court ruled on the admissibility of this evidence when the Court considered HTC's motion for summary judgment of no pre-suit damages. *See* D.I. 486 at 18. HTC argued the Court should admit its evidence of allegedly non-marked Apple products to be consistent with the Court's prior ruling that Plaintiffs' licensees would not be struck. *Id.* The Court explained that it conducted a *Pennypack* analysis and found that "the pertinent factors did not support striking." *Id. See also* D.I. 329.

Date: October 3, 2023

                                                          GREGORY B. WILLIAMS
                                                          UNITED STATES DISTRICT JUDGE