IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> HTC Corporation, <br><br> Defendant. | C.A. No. 17-cv-83-GBW <br><br> **JURY TRIAL DEMANDED** |

**PRELIMINARY JURY INSTRUCTIONS**

## Table of Contents

                                        **Page**

1. INTRODUCTION ..............................................................................................................1
2. OVERVIEW OF THE CASE .............................................................................................2
3. UNITED STATES PATENTS ...........................................................................................3
4. EVIDENCE .........................................................................................................................4
6. CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY .............6
7. EXPERT TESTIMONY .....................................................................................................7
8. BURDENS OF PROOF .....................................................................................................8
9. DEPOSITION TESTIMONY .............................................................................................9
10. DEMONSTRATIVES .......................................................................................................10
11. NOTE-TAKING ................................................................................................................11
12. SIDEBARS .......................................................................................................................13
13. CONDUCT OF THE JURY .............................................................................................14
14. COURSE OF THE TRIAL ...............................................................................................16
15. TRIAL SCHEDULE .........................................................................................................17

1.      **INTRODUCTION**

Members of the jury: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this trial involves patents, I will additionally give you some preliminary instructions regarding patents to assist you in discharging your duties as jurors.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You and only you will be the judges of the facts. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

2.	**OVERVIEW OF THE CASE**

During the jury-selection process, I advised you that this is a civil action arising under the patent laws of the United States. The parties in this case are 3G Licensing, S.A., or "3G Licensing," Orange, S.A., or "Orange," and HTC Corporation, "HTC Corp." or simply "HTC". The case involves two United States Patents: (1) No. 7,995,091; and (2) No. 6,856,818. We will often refer to these patents in short by their last three digits, in other words as the '091 Patent and '818 Patent. We may also refer to the patents as "the Asserted Patents" or the "Patents-in-suit."

3G Licensing owns the Asserted Patents and holds the sole right to sue and recover for any and all infringements at issue in this case. Orange is the original owner of the Asserted Patents but does not have any rights to sue or to recover for any infringements at issue in this case. Orange may have a right to a portion of certain monies that 3G Licensing may earn from licensing the Asserted Patents, but that is not for the jury to decide in this trial. 3G Licensing brings this case on behalf of itself and any rights that Orange may have.

3G Licensing alleges that HTC has infringed Claims 1–2 and 6–7 of the '091 Patent and Claims 18–19 and 22–23 of the '818 Patent. 3G Licensing seeks monetary compensation for infringement by HTC. HTC denies 3G Licensing's claims of infringement and also contends that the asserted claims are invalid. If HTC does not infringe or the claims are invalid, no monetary compensation is owed.

You will decide whether each side has proven its allegations.

3.      **UNITED STATES PATENTS**

As I just mentioned, this case is about a patent. To help you understand what patents are, why they are needed, how they are obtained, the role of the Patent Office, and why disputes over patents arise, you will now be shown a video. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. During the video, reference will be made to a sample patent. A copy of the sample patent is contained in your juror notebooks for you to follow along. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played.*]

4.  **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated—that is, formally agreed to by the parties; and

4. Facts that I instruct you to take as true.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers;

2. Objections by the lawyers;

3. Any testimony I tell you to disregard;

4. Exhibits that are identified but not offered or received into evidence; and

5. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced

by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist. For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground"). Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you.

**6.     CREDIBILITY OF WITNESSES; WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility. That is, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. This instruction applies to the testimony of all witnesses, including expert witnesses.

7.     **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

8.  **BURDENS OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case involving patents, two different burdens of proof are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

3G Licensing asserts that HTC has infringed the '091 Patent and '818 Patent. It bears the burden of proving infringement by a preponderance of the evidence. That means that, to prevail, 3G Licensing must prove to you, in light of all the evidence, that what it claims is more likely true than not. To put it differently, if you were to put the evidence in support of 3G Licensing's claims and HTC's evidence weighing against their claims on opposite sides of a scale, the evidence supporting 3G Licensing's claims would have to make the scales tip only slightly to its side.

HTC contends that the asserted claims are invalid. On this issue, HTC has the burden of proof and must prove by clear and convincing evidence that the asserted claims are invalid. Clear and convincing evidence means evidence that it is highly probable that a fact is true. This is a higher standard of proof than proof by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof, and it applies only to criminal cases. It does not apply in civil cases such as this. You should therefore not consider that burden of proof in this case.

9.   **DEPOSITION TESTIMONY**

I will now talk about the form of some of the evidence you will hear during trial. You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Some of the witnesses in this case provided deposition testimony in a foreign language, which was immediately translated into English. Because the parties have only a limited amount of time to present you with evidence, the portion of the video where the witness answers in a foreign language may be removed such that you only hear the translator's English translation. You should not attribute any significance to the fact that the deposition videos may appear to have been edited or cut, including to remove a witness's foreign-language answer.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present in court to testify live.

10. **DEMONSTRATIVES**

Certain models, reproductions, charts, summaries, or the like may be shown to you in order to help explain or illustrate the facts disclosed by the books, records, documents, testimony or other evidence in the case. Those models, reproductions, charts, summaries, or the like are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard those models, reproductions, charts, summaries, or the like and determine the facts from the evidence.

**11.    NOTE-TAKING**

You have each been provided with a notebook that contains the following:

- A copy of each Asserted Patent

- A listing of the Court's claim constructions and the parties' agreed claim constructions

- These preliminary jury instructions

- The names and pictures of the witnesses you may hear from

- A copy of the sample patent discussed in the video we watched earlier.

You have also been given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. But do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the

highlights of the trial. And your notes are not to be given or read to anyone else.

During the trial, documents or other physical items may be received into evidence. You will not be supplied with a list of exhibits that are received in evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating. You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there. No one will read your notes but you. Your notes will be destroyed after the trial is over.

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

**12.     SIDEBARS**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13.  **CONDUCT OF THE JURY**

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way. By that I mean that if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the Courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, tablets, iPhones, iPads, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, your

tablet or iPhone or iPad, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking or media platforms, including Facebook, Twitter, LinkedIn, Instagram, TikTok, WeChat, WhatsApp, Snapchat, or YouTube.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**14.    COURSE OF THE TRIAL**

The case will now begin. The presentation of evidence is currently scheduled to be completed by Monday, October 16, 2023.

First, each side may make an opening statement outlining their case. Opening statements are not evidence but simply an outline to help you understand what each party expects the evidence to show.

Next, the parties will present their evidence. 3G Licensing will present its witnesses and evidence first in support of their claims, and HTC may cross-examine those witnesses. When 3G Licensing is finished, HTC may present its witnesses and evidence, and 3G Licensing may cross-examine any witnesses presented by HTC. Finally, 3G Licensing may offer rebuttal witnesses to HTC's defenses and then HTC may do the same.

After all the evidence is presented, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

15. **TRIAL SCHEDULE**

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.

As I mentioned previously, once trial begins, this case is expected to take up to five (5) business days to try, between now and Monday, October 16, 2023.

We will normally begin the day at 9:30 A.M. We will go until around 12:30 P.M. and, after about a 45-minute break for lunch, continue until 5:30 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions as I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case next Monday.

Of course, you can help me keep us on schedule by being here promptly each morning and being ready to proceed at the end of each break.